In the Matter of JOSEPH BATTERMAN et al., Petitioners, against MAURICE FINKELSTEIN et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, Kings County, July 2, 1948, reargument July 29, 1948.

*Morris Hammerman* for petitioners.

*Nathan W. Math* for respondents.

LIVINGSTON, J. Petitioners seek to review the refusal of the respondents constituting the temporary city housing rent commission of the city of New York to issue a certificate of eviction and to direct the issuance of such a certificate.

The facts, briefly, are as follows: On January 3, 1947, the petitioner Joseph Batterman acquired title to the premises involved in this proceeding. During the month of April, 1947, the petitioner conveyed the premises to himself and to the petitioner Rebecca Batterman, his wife, as tenants by the entirety. On April 27, 1948, the petitioners applied to the respondents, seeking a certificate of eviction in behalf of the invalid sister of the petitioner Rebecca Batterman. The application was denied on the ground that the respondents had no authority under Local Law No. 66 of 1947 of the City of New York, as amended, to grant a certificate in behalf of anyone other than the landlord himself.

It is the petitioners' contention that the respondents have unreasonably and unlawfully distorted and narrowed the language of Local Law No. 66, as amended, by adopting a regulation excluding close relatives of a landlord in its interpretation of the phrase " for his own immediate and personal use " as employed in said local law. Petitioners further contend that the respondents have failed to give force and effect to the provisions of the Federal Housing and Rent Act of 1947 (as amd. in 1948; U. S. Code, tit. 50, Appendix, § 1881 *et seq.*), where the right is given to the landlord to secure possession of an apartment for a member of his immediate family.

I find no merit in either of these contentions. Under Local Law No. 12 of the Laws of 1948 (effective Feb. 5, 1948), amending Local Law No. 66, a landlord is given the right to recover possession where he seeks occupancy of an apartment " for

his *own* immediate and personal use and occupancy '' (italics supplied). The law further provides (subd. m): '' *Commission regulations*. The commission shall have the power to adopt, promulgate, amend or rescind such rules, regulations or orders as the commission may deem necessary or proper to effectuate the purposes of this section * * *.'' Pursuant to the said provision the commission promulgated Regulation II, amended February 18, 1948, which reads as follows: '' Use or occupancy by a child, relative or other person shall not be deemed to constitute personal use and occupancy by the landlord.''

The local legislative body in the face of the emergency situation and the exercise of its police powers declared a temporary moratorium on the right of landlords to gain possession of apartments with certain exceptions. The exercise of these powers has been validated by acts of the Legislature, effective February 5, and April 5, 1948 (L. 1947, chs. 4, 699). The statute is clear and unambiguous. The respondents are prohibited from issuing a certificate unless for the landlord's '' *own* immediate and personal use and occupancy.'' Though the respondents have no right to make laws, they have the right to make regulations carrying into effect the law already enacted, provided such regulations are in harmony with the statute (*Whitmarsh* v. *Farnell*, 273 App. Div. 584). The respondents, by adopting the afore-mentioned regulation, have not restricted or narrowed the existing law.

Petitioners' second contention revolves around the question whether the enactment of the Federal statute pre-empts the right of the State or municipality from enacting or adopting legislation dealing with the same subject. It is my view that the local laws and regulations were passed for the purpose of assisting and carrying out the intent of the Federal statute, even though they impose greater restrictions upon the landlord seeking possession. Though the Federal statute makes no provision for obtaining a certificate of eviction from a Federal rent or State agency as a prerequisite to instituting a summary proceeding or requiring a landlord to establish compelling necessity, the courts of this State have approved and sanctioned such restrictions as are provided by Local Laws Nos. 66 and 12, making them conditions precedent for the institution of summary proceedings (*Matter of Wallach* v. *Ross*, 273 App. Div. 1021; *Matter of Tartaglia* v. *McLaughlin*, 297 N. Y. 419). In *Matter of Tartaglia* v. *McLaughlin* (*supra*) the Court of Appeals held: '' Nor can it be said, in our judgment, that a State law commanding a landlord to submit to a local admin-

istrative body the question of his right to possession ' conflicts with the Act of Congress, or plainly and palpably infringes its policy.' (See *Southern Pacific Co.* v. *Arizona, supra,* at p. 766.)"

It is my further view that Local Law No. 66, as amended, and Regulation II, as amended, are not in conflict with the Federal Housing and Rent Act of 1947, nor are the differences between the two '' of such a character as to render one inconsistent with the other.'' (*People* v. *Lewis,* 295 N. Y. 42, 50–51.)

It appears that Congress in enacting the Federal Rent Laws of 1947 and 1948 did not intend to preclude the State and localities from legislating with reference to rent control and evictions. In 1946 Congress in amending the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*) added a provision that housing accommodations in any defense-rental area were not to be subject to rent control by any State or local Government. However, the 1947 and 1948 Federal Housing and Rent Acts do not include this provision, although many others have been retained. It can be concluded that Congress did not intend to continue its earlier prohibition against rent control by State or local Governments and that with the relaxation of Federal control some States or local Governments may find it essential to apply substitute controls.

Under the circumstances, the respondents' determination was not unreasonable, arbitrary or capricious and the application is denied. Submit order.

(On reargument, July 29, 1948.)

Motion for reargument granted. The court was aware of the conflicting decisions cited by the petitioners and is also aware of the subsequent decisions. Nevertheless, after due consideration, the court adheres to its original determination. Settle order.