In the Matter of HILDEGARD K. RECKNAGEL, Petitioner, against MAURICE FINKELSTEIN et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, Kings County, October 21, 1948.

*Milo O. Bennett* for petitioner.

*Nathan W. Math, William L. Messing, Joseph Jay, Stanley Buchsbaum, Alfred Weinstein* and *Edward A. Panzarella* for respondents.

POWERS, J. Petitioner seeks to review the refusal of the respondents, constituting the temporary city housing rent commission of the city of New York, to issue a certificate of eviction and to direct the issuance of such a certificate. The petitioner, the owner of a two-family house, desiring to discontinue the janitorial and other services rendered to the tenant and the annoyance and expense of compulsory renting, applied to the rent commission for a certificate to withdraw the apartment from the rental market. The refusal of the respondents to issue the certificate is predicated on the theory that they cannot, under Local Laws No. 66 of 1947 and No. 12 of 1948 of the City of New York, as amended, grant an application where it is based on the desire of the petitioner to withdraw the property from the rental market. The petitioner, on the other hand, contends (1) that the respondents in failing to issue the certificate because of their interpretation of Local Laws Nos. 66 and 12, as amended, have failed to give force and effect to paragraph (5) of subdivision (a) of section 209 of the Federal Housing and Rent Act of 1947, as amended in 1948 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*), where the right is given to a landlord with certain restrictions to withdraw housing accommodations from the rental market and have thus created a conflict with the Federal and the supreme law to which they must defer; (2) that such refusal to issue a certificate would impose an involuntary servitude upon the petitioner and deprive him of his liberty and property without due process of law.

I find no merit in either of these contentions. It is my view that there is no conflict between Local Laws Nos. 66 and 12, as amended, and the Federal Housing Act of 1947, as amended.

The courts of this State have repeatedly approved and sanctioned restrictions imposed by the local rent laws upon landlords which do not appear in the Federal law. (*Matter of Wallach* v. *Ross,* 273 App. Div. 1021; *Matter of Tartaglia* v. *McLaughlin,* 297 N. Y. 419.) The failure of the local laws to provide for the issuance of a certificate upon the ground requested by the petitioner is not contrary or in conflict with the letter or policy of the Federal enactment, particularly so where Congress has failed to pre-empt the field of rent control. The reasoning and conclusion with respect to this phase reached by Mr. Justice LIVINGSTON in *Matter of Batterman* v. *Finkelstein* (193 Misc. 236) is clearly applicable in the instant case. There the court held: " It appears that Congress in enacting the Federal Rent Laws of 1947 and 1948 \* \* \* did not intend to preclude the state and localities from legislating with reference to rent control and evictions. In 1946, Congress in amending the Emergency Price Control Act of 1942 added a provision that housing accommodations in any defense rental area were not to be subject to rent control by any state or local government. \* \* \* However, the 1947 and 1948 Federal Housing and Rent Acts do not include this provision, although many others have been retained. It can be concluded that Congress did not intend to continue its earlier prohibition against rent control by state or local governments and that with the relaxation of federal control some states or local governments may find it essential to apply substitute controls.''

Though the court is sympathetic with the plight the petitioner finds himself in, it cannot overlook the purpose for which the legislation involved was enacted. The serious emergency existing in the city of New York by reason of the shortage of housing forced the local governing body to pass legislation controlling housing accommodations so as to prevent chaos and confusion resulting from unnecessary evictions. The personal desires, conveniences and burdens of the petitioner are incidental to and must yield to the general welfare and demand of the community. Under the circumstances, the respondents' determination was not unreasonable, capricious or arbitrary, and the petition is dismissed.