*685 The application for the
certificate of eviction was made on the ground, set forth in paragraph (5) of subdivision (a) of section 209 of the Federal Housing and Rent Act of 1947, as amended by the Housing and Rent Act of 1948 (Public Law 464, 80th Cong., 2d Sess., eh. 161), that the landlord sought in good faith to recover possession of the housing accommodations for the immediate purpose of withdrawing them from the rental market. The application was denied by the commission for the reason that it was not based upon a ground for which a certificate might be issued under Local Law No. 66 of the City of New York for the year 1947, as amended (Administrative Code of the City of New York, § U41-7.0). The local law, unlike.the Federal statute, does not contain a provision permitting evictions for the purpose of withdrawing housing accommodations from the rental market. Appellant asserts that Local Law No. 66 is invalid to the extent that it conflicts with the Federal act; and that it violates the Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution by depriving her of the right to withdraw her property from the rental market. In our opinion those contentions may not be sustained. Concededly, the laws of the United States are supreme and a conflict between an act of Congress and a State or local law renders the latter void. (Gibbons v. Ogden, 9 Wheat. [U. S.] 1.) However, “ the repugnance or conflict should be direct and positive, so that the two acts could not be reconciled or consistently stand together * * (Sinnot v. Davenport, 22 How. [U. S.] 227, 243.) The Federal Housing and Rent Acts of 1947 and 1948 contain no prohibition against local complementary action by the States; and the relaxation of Federal control over evictions, a field normally reserved to the State or local governments, may not be construed as preventing the local authority from further restricting the right to recover possession of dwelling accommodations where it finds such action to be required under its police power. The Federal enactment, in prohibiting evictions unless certain conditions are met, evinces no intention to authorize all such proceedings if its regulations are complied with. (Cf. Dickson v. Uhlmann Grain Co., 288 U. S. 188, 199.) The local law, insofar as it is here involved, is not in conflict with the Federal act and may be enforced without clashing with it or in any way impairing that statute. (Matter of Tartaglia v. McLaughlin, 297 N. Y. 419; Matter of Molnar v. Curtin, 273 App. Div. 322, affd. 297 N. Y. 967; Matter of Wallach v. Ross, 273 App. Div. 1021, affd. 298 N. Y. 806; Dickson v. Uhlmann Grain Co., supra; Savage v. Jones, 225 U. S. 501.) Nor does the local law violate the Fifth, Thirteenth or Fourteenth Amendments to the United States Constitution. (Block v. Hirsh, 256 U. S. 135; Brown Holding Co. v. Feldman, 256 U. S. 170.) As appellant’s application was not made upon a ground specified in Local Law No. 66 for the year 1947, as amended, and as that ordinance was a valid and constitutional enactment, the certificate of eviction was properly denied. Nolan, P. J., Carswell, Adel and Sneed, JJ., concur; Wenzel, J., dissents and votes to reverse the order and grant the motion, with the following memorandum : While perhaps it may not be said that Local Law No. 66 conflicts with the letter of the United States Housing and Rent Act of 1948, it does, in my opinion, conflict with the policy expressed therein. Not only was the Housing and Rent Act of 1947 amended so as to permit an owner to withdraw his house from the rental market, but section 302 of the amendatory act provided: “ Nothing in this Act or in the Housing and Rent Act of 1947, as amended, shall be construed to require any person to offer any housing accommodations for rent.” The *686 amendment o£ the Federal act of 1947 thus preserves its constitutionality. It is a far cry from imposing restrictions as to rents and evictions and requiring “ any person to offer any housing accommodations for rent ”. Nor may a person be compelled to continue in a business which he wishes to abandon. [193 Misc. 31.]