ANDREW N. Cox et al., Landlords, Respondents, v. JACK CASEY, Tenant, Appellant.

County Court, Broome County, August 1, 1950.

*Ray T. Hackett* for respondents.

*Ralph L. Emmons* for appellant.

McAvoy, J. The tenant appeals herein from an order of the City Court of Binghamton, New York (Relihan, J.) evicting him from certain premises, and from an order denying his motion to dismiss the entire proceedings.

The landlords applied to the Federal Area Rent Director on November 7, 1949, for a certificate permitting the removal of the tenant to secure possession of the premises for their personal use. A certificate granting such permission was issued on November 22, 1949, authorizing removal proceedings after February 10, 1950.

On February 16, 1950, a thirty-day notice was served on the tenant, terminating the tenancy on April 1, 1950. A summary proceeding was commenced against the tenant on April 4, 1950. The proceeding was tried on April 29, 1950, and resulted in an order of the City Court granting possession to the landlords and the issuance of a warrant of eviction.

While the warrant was issued its execution was stayed, at the request of the tenant's attorney, until May 3, 1950. On that day the tenant moved for a dismissal of the entire proceedings on the ground that the new State Residential Rent Control Law and Regulations became effective on May 1st, and that subdivision 4 of section 51 of the Rent and Eviction Regula-

tions of the Temporary State Housing Rent Commission, adopted pursuant to the law (L. 1950, ch. 250), prevented tenant's removal.

Subdivision 4 of section 51 of the regulations provides as follows: " No tenant shall be removed or evicted in any action or proceeding pending on May 1, 1950, except after compliance with the requirements of these regulations. A proceeding or action to evict is deemed to be pending if a warrant of eviction was not executed therein on or before May 1, 1950."

The City Court denied the motion for a dismissal and ordered the warrant of eviction executed on the ground that the tenant was estopped from taking advantage of such regulation, because the stay of execution of the warrant was granted at his request on April 29, 1950, after the warrant had been issued.

The landlords also argue on this appeal that as the final order and warrant to evict had actually been issued prior to May 1, 1950, the day when the State Residential Rent Control Law and regulations became effective, the provisions thereof could not be applied to deprive them of their vested rights acquired by the final order and the warrant.

In this connection the courts have held that such emergency rent control laws do not take away rights acquired by such orders but — " merely suspends the enforcement of those rights during an emergency period and at the same time assures the landlord a reasonable rental for his property." (*Matter of Cohen* v. *Starke,* 269 App. Div. 256, 260.)

Subdivision 4 of section 51 of the regulations above quoted was adopted by the commission pursuant to authority vested in it by subdivision 2 of section 4 of the new State Residential Rent Control Law, which provides in part as follows: " The commission may from time to time adopt, promulgate, amend or rescind such rules, regulations and orders as it may deem necessary or proper to effectuate the purposes of this act, including practices relating to recovery of possession; ". (L. 1946, ch. 274, § 4, subd. 2, as amd. by L. 1950, ch. 250.)

The right of a commission to make regulations carrying into effect law already enacted, provided such regulations are in harmony with the statute, has been upheld by the courts. (*Whitmarsh* v. *Farnell* (273 App. Div. 584; *Matter of Batterman v. Finkelstein,* 193 Misc. 236, 238.)

The regulation in question bars the removal or eviction of any tenant in any action or proceeding " pending " on May 1, 1950, except after compliance with the requirements of the

regulations — and specifically states that a proceeding is deemed to be " pending " if a warrant of eviction was not executed therein on or before May 1, 1950.

This definition of a " pending " proceeding is in harmony with the adjudicated cases, and the Court of Appeals in *Whitmarsh* v. *Farnell* (298 N. Y. 336) has recently held that a proceeding to evict is deemed " pending " if the warrant has not been actually *executed.*

Rent control laws are passed pursuant to the police powers of the State, in order to cope with an emergency in housing accommodations. Notwithstanding provisions making these laws applicable to " pending " and " future " proceedings, they have since 1920 been upheld as constitutional over the objection that such a provision deprives litigants of vested rights, especially where a final order or warrant of eviction has been issued but not executed. They have been upheld on the theory that certain rights and remedies otherwise available are merely suspended during the period of the emergency. (*Matter of Cohen* v. *Starke,* 269 App. Div. 256, *supra; People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 N. Y. 429; *Levy Leasing Co.* v. *Siegel,* 230 N. Y. 634, affd. 258 U. S. 242.)

While a final order was granted in the proceeding in the case at bar and a warrant of eviction issued but not actually executed, the City Court was ousted of any further jurisdiction or authority to order it executed after May 1, 1950, when the new rent regulations became effective.

The City Court was of the opinion that the stay of execution of the warrant until after May 1, 1950, having been granted at the request of and for the tenant's benefit, he should be estopped from claiming the protection of the new regulations. While I am in sympathy with the feelings of the City Court and the landlords, who have been put to considerable expense and great delay, I doubt whether the doctrine of estoppel can be applied to the situation here presented.

The theory upon which it is sought to be applied here is that the tenant, having asked the court for a stay and it having been granted for his benefit, he should not now be allowed to tie the hands of the court by urging the prohibition contained in the new regulations.

However, it is the general rule that, in order to create an estoppel by acceptance of benefits, it is essential that the party against whom the estoppel is claimed shall have acted with knowledge of the facts and of his rights. (21 C. J., Estoppel,

§ 208, p. 1207; 10 R. C. L., Estoppel, § 22, p. 694; *Matter of Kolb* v. *Brummer,* 185 App. Div. 835, 838; *Peterson* v. *School Bd.,* 73 Mont. 442, 451.)

The tenant could have had no knowledge of the facts or his rights here under the new rent control regulations, because at the time he requested the stay, on April 29, 1950, their provisions were not known to him or any of the parties involved in the proceeding. This was conceded upon the argument of the appeal. In the absence of proof that the tenant acted with knowledge of the facts or in bad faith, we find no legal authority permitting the application of the doctrine of estoppel to the situation here presented.

Therefore, the orders appealed from must be reversed and the proceeding dismissed.