In the Matter of NEW YORK UNIVERSITY, Respondent, against TEMPORARY STATE HOUSING RENT COMMISSION et al., Appellants, et al., Defendants.

DORE and COHN, JJ. (dissenting). In this proceeding petitioner seeks a certificate of eviction from the Temporary State Housing Rent Commission against twenty-four families in buildings owned by petitioner. These tenants have resided in the apartments for periods ranging up to seventeen years. It is contended that the petitioner requires the use of the premises as dormitories for students. The statute (State Residential Rent Law, § 10, subd. 4; L. 1946, ch. 274, as amd. by L. 1951, ch. 443) specifically provides that housing accommodations on the rental market may be withdrawn only after prior written approval of the State Rent Commission, if such withdrawal requires that a tenant be evicted from such accommodations. (See, also, Rent and Eviction Regulations of Temporary State Housing Rent Commission, § 59.) While there is no question about the good faith of petitioner, it is apparent that in the circumstances the State Rent Commission's rule allowing conversion provided that petitioner would secure a relocation of the tenants is entirely fair and reasonable. There is no compelling public necessity shown for the extension of dormitory requirements of petitioner when weighed against the hardship which would result by forcing the eviction of twenty-four low income families with no provision for their relocation.

On the state of facts disclosed an unconditional certificate not requiring relocation would clearly be inconsistent with the purposes of the act which expressly seeks in an acute existing real estate rental emergency in this community to protect tenants of this jurisdiction in their possession of rental property without unlawfully interfering with landlords' rights.

The denial was conditional. The overwhelming number of the persons for whom these dwelling spaces are sought are graduate students from outside the metropolitan area and a number of research assistants for projects not yet implemented. The denial was without prejudice to the applicant's right to refile for specific housing units if it shows that possession is sought for the personal use of members of the landlord's faculty. The University did not see fit to make such application. The commission did not abuse its authority, but acted in the exercise of a wise and sound discretion when it refused unconditionally to evict the present tenants in order to house in the same rental quarters students from distant communities.

The relocation requirement was specifically upheld in *Loab Estates* v. *Druhe* (300 N. Y. 176, 179).

The order should be reversed and the determination and orders of the commission should be reinstated.

Peck, P. J., Shientag and Bergan, JJ., concur in decision; Dore and Cohn, JJ., dissent and vote to reverse, in opinion.

Order affirmed, with $20 costs and disbursements to the petitioner-respondent. [201 Misc. 315.]