In the Matter of NEW YORK UNIVERSITY, Respondent, against TEMPORARY STATE HOUSING RENT COMMISSION et al., Appellants, et al., Defendants.

Argued April 7, 1952; decided April 23, 1952.

*Robert H. Schaffer* for Temporary State Housing Rent Commission, appellant. I. The Emergency Housing Rent Control Law (L. 1951, ch. 443) gave the State Rent Commission power to impose conditions upon the granting of a landlord's application to withdraw his property from the rental market. (*Suppus* v. *Bradley,* 278 App. Div. 337.) II. The State Rent Commission acted within the wise exercise of its discretion in requiring the University to relocate present tenants before eviction or, in the alternative, by restricting eviction to dwellings to be occupied by members of the University's faculty. (*Loab Estates* v. *Druhe,* 300 N. Y. 176.)

*David B. Tolins* for Myra Coco and others, appellants. I. The substitution of foreign graduate students of petitioner's law school for the present tenants of the housing accommodations on a rental basis is not a permanent withdrawal of occupied housing accommodations from all rental markets without any intent to rent them, within the meaning of the act and regulations. (*Suppus* v. *Bradley,* 278 App. Div. 337; *Esposito* v. *Wetzel,* 196 Misc. 246; *Woods* v. *Cammett,* 80 F. Supp. 636; *Sinclair* v. *Byrne,* 193 Misc. 1; *Loab Estates* v. *Druhe,* 300 N. Y. 176; *Matter of Wallach* v. *Ross,* 273 App. Div. 1021; *Matter of Tartaglia* v. *McLaughlin,* 297 N. Y. 419.) II. In any event, petitioner has failed to meet the requirements of section 59 of the regulations as to immediate and compelling necessity,

exceptional circumstances and undue hardship, or that the evictions would be consistent with the purposes of the act.

*John Gerdes, W. Randolph Montgomery* and *Malcolm Monroe* for respondent. I. The validation by the Legislature of the Rent and Eviction Regulations did not confer any powers upon the commission inconsistent with the provisions of the statute itself. II. The commission having found that the University intends in good faith to use the premises for purposes outside the scope of the emergency rent laws, the University has an absolute right to the certificates applied for under subdivision 4 of section 10 of the statute. (*Woods* v. *Durr,* 176 F. 2d 273; *Bowles* v. *Willingham,* 321 U. S. 503; *Wilson* v. *Brown,* 137 F. 2d 348; *Taylor* v. *Bowles,* 145 F. 2d 833; *Loab Estates* v. *Druhe,* 300 N. Y. 176.) III. A change in the use of premises from housing accommodations offered to the general public at rentals calculated to yield a profit to dormitory and dwelling facilities offered to the University's students and faculty on a nonprofit basis constitutes a withdrawal from the rental market within the meaning of subdivision 4 of section 10 of the statute. (*Taylor* v. *Bowles,* 145 F. 2d 833; *Woods* v. *Durr,* 170 F. 2d 976, 176 F. 2d 273.) IV. That subdivision 4 of section 10 of the Emergency Housing Rent Control Law, as amended, guarantees to the University the unqualified right to withdraw the subject premises from the rental market is implicit in the decision of the Court of Appeals in *Teeval Co.* v. *Stern* (301 N. Y. 346). (*Yakus* v. *United States,* 321 U. S. 414; *Loab Estates* v. *Druhe,* 300 N. Y. 176.)

DESMOND, J. Petitioner-respondent, New York University, sought from the Local Rent Administrator certificates of eviction against tenants of apartments in building adjoining the University's new Law Center. The University proposes to use the premises as dormitories for faculty and students. The Local Rent Administrator denied the University's application and the University filed a protest with appellant State Rent Administrator. The State Rent Administrator considered the application *de novo,* and denied the protest without prejudice: (1) to the University's refiling applications for certificates of eviction to obtain housing accommodations for members of its staff, and (2) renewal of the application after efforts made to relocate the present tenants. The University then brought this article 78 of the Civil Practice Act proceeding in the Supreme

Court, New York County, to review the determination of the State Rent Administrator. The Special Term Justice held that the University had a right to the issuance of unconditional certificates of eviction, and made an order directing issuance of such certificates.

The Appellate Division affirmed, two Justices dissenting, and the tenants and the Temporary State Housing Rent Commission appealed to this court. The Appellate Division majority wrote no opinion, but the dissent stated that the commission's requirement that petitioner relocate the twenty-four tenants was fair and reasonable, that there was no compelling necessity for petitioner's proposed use of the property as compared to the hardship to the families which would be evicted, and that the granting of the petition would be inconsistent with the purpose of the act, citing *Loab Estates* v. *Druhe* (300 N. Y. 176, 179). The Appellate Division dissent stated, too, that the commission's relocation requirement was appropriate, but it is to be noted that the New York City Administrative Code, applicable in the *Loab Estates* case (*supra*), specifically made relocation of tenants a requisite for eviction, a provision which is not found in the State act or in the commission's regulations promulgated thereunder.

The Special Term held that what petitioner is trying to accomplish is a lawful " withdrawal of the housing accommodations from the rental market ", as permitted by subdivision 4 of section 10 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1951, ch. 443, otherwise cited as McKinney's Unconsol. Laws, § 8590, subd. 4). It pointed out that the phrase of that statute: " Nothing in this act shall be construed to require any person to offer any housing accommodations for rent ", was taken almost verbatim from the former Federal Price Control Act, and that, under the Federal act, the Supreme Court had suggested (*Bowles* v. *Willingham,* 321 U. S. 503, 517) that there was an absolute right in an owner to evict tenants so as to use his property for uses not covered by the act. It is undisputed here that the use proposed by this petitioner, that is, for dormitories for students and faculty, is specifically excluded (see State Residential Rent Law, § 2, subd. 2, par. [a]; McKinney's Unconsol. Laws, § 8582, subd. 2, par. [a]) from the definition of " housing accommodations " in the State act (and, incidentally, this court has held in *People ex rel. Clarkson Memorial Coll.* v. *Haggett,* 300 N. Y. 595, that college-owned

buildings rented by the college to faculty members are exempt from realty taxation as being "used exclusively for carrying out" one of the purposes of the owning corporation [Tax Law, § 4, subd. 6]).

Referring to a regulation of the State commission, which we will quote hereafter, Special Term held that this record shows that petitioner is in immediate need of these dormitory facilities and that its educational program will be seriously jeopardized without them. The final conclusion of that court, confirmed by the Appellate Division, was that the determinations of the commission were arbitrary and capricious, and that they must be set aside and the commission directed to issue the eviction certificates.

The facts are not in dispute. The University, in 1948, acquired, for future use as a dormitory in connection with the Law School, these three dwellings, across the street from its new Law Center building recently completed. It is not disputed that the University, in good faith, has immediate need for dwelling accommodations for about two hundred nonresident instructors, fellows and students in its School of Law, who are to participate in new or expanded courses in the school. The premises contain thirty-two small apartments. At the time these proceedings were commenced twenty-four apartments only were occupied by tenants. Twenty-one of those tenants are appellants here, and the Temporary State Housing Rent Commission is the other appellant.

As pointed out above, subdivision 4 of section 10 of the act (McKinney's Unconsol. Laws, § 8590) says: "4. Nothing in this act shall be construed to require any person to offer any housing accommodations for rent, but housing accommodations already on the rental market may be withdrawn only after prior written approval of the state rent commission, if such withdrawal requires that a tenant be evicted from such accommodations." The commission's regulations include a section 59 which says, in effect, that an eviction certificate shall be issued where the landlord establishes that he seeks in good faith permanently to withdraw occupied housing accommodations from the rental market. As we read the record and the contentions of the parties, it is agreed that petitioner here meets those particular requirements. However, that same section 59 of the regulations goes on to say that such an eviction certificate shall not

be issued unless the landlord establishes that he is seeking to recover possession because of an immediate and compelling necessity and exceptional circumstances, that the continued operation of the housing accommodations will impose undue hardship on him, and that the granting of the eviction certificate is not inconsistent with the purposes of the act. It is really on that second part of section 59 of its regulations that the commission relies here, its finding being, in effect, that the granting of eviction certificates here would be inconsistent with the purposes of the act. Respondent points out that the Legislature, by section 2 of chapter 443 of the Laws of 1951 (McKinney's Unconsol. Laws, § 8584, n.), validated the commission's regulations, but only insofar as not inconsistent with the act itself, but that particular statute does not help us decide this case.

We thus have a situation where the statute says that no one shall be required to offer housing accommodations for rent, and that housing accommodations may be withdrawn from the rental market only after prior written approval of the commission. Then there is a regulation which says that a certificate of eviction is to be granted in such a situation only where the landlord shows immediate and compelling necessity, exceptional circumstances, undue hardship, and consistency with the purposes of the act. There is nothing whatever, either in the statute or the regulations, which authorizes the commission to impose as a condition that the landlord relocate the evicted tenants, and the imposition of such a condition may well, therefore, be unlawful and a nullity. As to the requirements of the regulation, that it be shown that the granting of the eviction certificate is consistent with the purposes of the act itself, we think that condition was reasonably met here since the primary purpose of the act is to prevent undue rent increases, and since the act specifically excludes college dormitories from its coverage, and makes it plain that the landlord has a right to withdraw his property from the rental market, that is, to convert it into nonrental uses.

As to the regulation's requirement that undue hardship, immediate necessity, etc., be shown, the problem is, perhaps, a little more difficult. There may be doubt that the commission had power to impose such a regulation, in view of the statutory language and policy which gives a landlord a right to withdraw

the accommodations. To allow the commission to impose further requirements of hardship, necessity, etc., would seem, not only to be inconsistent with the statute itself but to be of doubtful constitutionality, as prohibiting a landlord from turning his own property into a nonrental use. However, we need not, in this case, pass on the validity of so much of section 59 as requires a showing of hardship, special circumstances, etc. Special Term, as noted above, held that exceptional circumstances were shown. The Appellate Division, apparently, agreed, and that conclusion was well founded on this record. As we read the commission's order and opinion, it really made no definite finding of its own on this hardship matter, but held: first, that the proposed use is not exempt from the act; second, that eviction would be inconsistent with the statute; and, third, that no certificate should be granted unless relocation be provided by petitioner. A finding by the commission, as to lack of undue hardship, can be spelled out, we suppose, from the incorporation, into the commission's opinion, of a report by its examiner. That examiner's report says that the University's need for housing for its scholars is not such a hardship as is contemplated under section 59, that hardship means financial loss or illness preventing continued operation of the premises, and that " removal of accommodations from the rental market " means boarding them up or keeping them vacant for the reason that occupancy would violate other laws, and removal of those other violations would be too expensive. We think that construction by the examiner, of section 59, is an arbitrary one. But, for present purposes, we can content ourselves with holding that, even assuming the validity of the whole of section 59, petitioner did show hardship and compelling necessity by its undisputed proof that it needs these buildings for its own University purposes, and that without them its educational program will be seriously interfered with.

The order should be affirmed, with costs.

CONWAY, J. (dissenting). I dissent and vote for reversal upon the dissenting opinion of the two Justices of the Appellate Division.

We are not to decide here whether the Temporary State Housing Rent Commission should have decided as it did. The

Legislature set it up as an administrative tribunal, clothed it with statutory power and validated its regulations. The majority does not say that the regulations are unreasonable. That was for the Legislature to determine and it was within legislative competency. We could not say they were unreasonable in this emergency as it has been found by the Legislature. The majority, assuming the validity of section 59 in its entirety, reaches the conclusion that petitioner did show hardship and compelling necessity by its undisputed proof that it needs the buildings for its own University purposes, and that without them its educational program would be seriously interfered with. It seems to me that a complete answer was made by the dissenting Justices in the Appellate Division as follows: '' While there is no question about the good faith of petitioner, it is apparent that in the circumstances the State Rent Commission's rule allowing conversion provided that petitioner would secure a relocation of the tenants is entirely fair and reasonable. There is no compelling public necessity shown for the extension of dormitory requirements of petitioner when weighed against the hardship which would result by forcing the eviction of twenty-four low income families with no provision for their relocation. * * * The overwhelming number of the persons for whom these dwelling spaces are sought are graduate students from outside the metropolitan area and a number of research assistants for projects not yet implemented. The denial was without prejudice to the applicant's right to refile for specific housing units if it shows that possession is sought for the personal use of members of the landlord's faculty. The University did not see fit to make such application. The commission did not abuse its authority, but acted in the exercise of a wise and sound discretion when it refused unconditionally to evict the present tenants in order to house in the same rental quarters students from distant communities." (279 App. Div. 887.)

So long as reasonable men may differ as to the wisdom of the action of an administrative tribunal, it may not be said that its action is arbitrary.

LOUGHRAN, Ch. J., LEWIS, DYE, FULD and FROESSEL, JJ., concur with DESMOND, J.; CONWAY, J., dissents in opinion.

Order affirmed.