Samuel M. Gold, J.
There is ample basis in the record for the finding of the State Bent Administrator that the landlord has established a good case for the issuance of a certificate of eviction under the provisions of section 59 of the State Bent and Eviction Begulations, dealing with the withdrawal of occupied housing accommodations from the rental market (Matter of New York Univ. v. Temporary State Housing Rent Comm., 304 N. Y. 124). The finding of the Administrator was clearly not arbitrary, whimsical or capricious and the court, therefore, may not interfere with the Administrator’s determination.
Petitioners- urge, however, that section 59 is not applicable to the instant case because the landlord intends to demolish the building’. They claim that the applicable section of the State Bent and Eviction Begulations is section 58, which provides that a certificate may be issued in a case where the landlord seeks possession of housing accommodations for the immediate purpose of demolishing them and constructing “ other than housing accommodations ”, only (subd. c) “upon such terms and conditions as will provide for the relocation of the tenants in other suitable housing accommodations ” (§ 58, subd. c, as amd. June 12, 1953).
If petitioners’ contention in this respect were to prevail, we would have the incongruous result that the landlord would be entitled to a certificate of eviction, without relocating the tenants, if it were satisfied to occupy the existing building for church purposes, but would not be entitled to such a certificate, without relocating the tenants, if it were to demolish the structure and substitute a new one more suitable for use as a church. No good reason for such a distinction suggests itself. In the court’s opinion, subdivision c of section 58 was not intended to cover a case where the proposed demolition is incidental to the recovery of the property for the purpose of withdrawing it from “ both the housing and non-housing rental markets ”, a subject dealt with exclusively in section 59.
*159 There is no necessary inconsistency between subdivision c of section 58 and section 59. Subdivision c of section 58 was apparently intended to meet a situation where the proposed demolition was for the purpose of constructing accommodations for the nonhousing rental market (such as business property), while section 59 is the applicable section where possession is sought for the purpose of withdrawing the property ‘ ‘ from both the housing and non-housing rental markets ”. There is nothing in the language of subdivision c to indicate that it was intended to relate to a case where the demolition was incidental to the withdrawal of the property from all rental markets, non-housing as well as housing.
Indeed, if subdivision c of section 58 of the regulations were interpreted as applying to a case where the landlord seeks possession for the purpose of withdrawing the property from all rental markets, the subdivision would probably be invalid. Thus, in Matter of New York Univ. v. Temporary State Housing Rent Comm. (supra), the Court of Appeals expressed grave doubt as to whether the Bent Commission had the right in section 59 to impose the requirement that a landlord prove hardship in order to be entitled to obtain possession of his property for the purpose of withdrawing it from the rental market. The court found it unnecessary to decide the question because (p. 130) “ even assuming the validity of the whole of section 59, petitioner did show hardship and compelling necessity ”. A regulation which prevented a landlord who complied with all the requirements of section 59 from withdrawing his property from the rental market unless he relocated all the tenants, if he intended to demolish it after recovering possession, would be much more vulnerable to attack as invalid than the requirement of section 59 that hardship and immediate and compelling necessity be shown.
For the reasons indicated, the motion to set aside the Administrator’s determination is denied.