In the Matter of KYRA K. BERKLEY et al., Petitioners, against CHARLES ABRAMS, as State Rent Administrator, Respondent, and DRYDEN PRESS, INC., Intervenor-Respondent.

Supreme Court, Special Term, New York County, March 25, 1955.

*Charles Struckler* for petitioners.

*Hortense W. Gabel* and *Robert Schwartz* for respondent.

*Martin Gallin* for intervenor-respondent.

EDER, J. This is an article 78 proceeding brought by three tenants to annul a determination of the rent commission granting landlord certificates of eviction against them.

Landlord's application was based upon the right granted it by statute (State Residential Rent Law, § 10, subd. 4; L. 1946, ch. 274, as amd. by L. 1951, ch. 443) to withdraw housing accommodations from the rental market. However, the statute requires prior written approval of the commission if the withdrawal entails the eviction of tenants. Such approval must be given if the landlord satisfies the commission by "objective criteria" that he genuinely intends the withdrawal of the apartments from the rental market; he is not required to "justify" the withdrawal to the commission (*Matter of Asco Equities* v. *McGoldrick,* 285 App. Div. 381, 383, 384). In that case the Appellate Division, per BREITEL, J., held that even under former section 59 of the Rent and Eviction Regulations, which implemented the cited statute (and which prohibited the issuance of a certificate of eviction unless landlord established immediate and compelling necessity and exceptional circumstances and hardship), landlord was merely required to show good faith in the withdrawal requested judged either by these standards of the regulation or any other objective criteria.

Doubt was expressed in *Matter of New York Univ.* v. *Temporary State Housing Rent Comm.* (304 N. Y. 124, 129), of the commission's power to impose such a regulation requiring proof of compelling necessity and undue hardship in the face of the statute which gives a landlord the right to convert his property to nonrental uses.

Section 59 was then amended, effective July 1, 1954, to clarify and particularize the instances of good faith needed to be shown to secure approval, the first of which is: "(1) that he requires the entire structure containing the housing accommodations or the land for his own immediate use in connection with a business which the landlord owns and operates in the immediate vicinity of the property in question".

Landlord, a book publishing concern, occupies the first three, and half of the fourth floor of this five-story building at 31 West 54th Street, Manhattan. Its business having expanded in the past few years and its present space being too small for its needs, it applied for certificates to evict the residential tenants of the fourth and fifth floors in order to use the '' entire structure '' for its own immediate business use.

Evidence was presented in the papers submitted by landlord and at a conference hearing held by the commission of its substantial business, that its thirty-six employees worked in cramped quarters, and that many functions such as bookkeeping, conferences with authors, packing and shipping, were required to be performed elsewhere at additional expense. Tenants' contention that the commission erred in failing to require landlord to present objective criteria in the form of its original records, and that its determination was therefore arbitrary, is unacceptable in view of the direct evidence in the form of testimony and exhibits given at the hearing which proved landlord's good faith to the commission's satisfaction. Corroboration of the need for more space from landlord's original records was not deemed necessary, a conclusion deemed reasonable in the light of landlord's clear right under the present regulation.

Tenants have referred to landlord's failure to file alteration plans as showing lack of good faith. Landlord's affidavit sets forth the approval, dated March 1, 1955, of such plans previously filed to convert the entire building for commercial use by itself alone.

Tenants also refer to landlord's prior applications to remove individual tenants as indicating it does not really need all their apartments. That application was made under the former regulation when necessity apparently was required to be shown. Their denial has no bearing upon this application based upon present circumstances and under the present regulation, except as confirming the consistency with which landlord has endeavored to gain possession of its own property for its growing business.

It is evident that tenants are still laboring under the impression that landlord was required to show necessity or hardship as proof of good faith. Under the applicable regulation a landlord need only show a genuine desire to repossess the entire building owned by it to be exclusively used in its own business.

The application is accordingly denied.