Matthew M. Levy, J.
This is a motion by a defendant to dismiss the complaint for alleged insufficiency on its face (Rules Civ. Prac., rule 106, snbd. 4). On such an application, the pleading only is before the court, and the extrinsic facts set forth in the respective memoranda of counsel must be ignored.
The complaint alleges in substance that: In 1944 the corporate defendant leased an entire building from the plaintiff’s predecessor in title. The lessee entered into possession and now occupies as a statutory tenant for commercial and business purposes, permitting use by the individual defendants for residential purposes of a portion of the premises. The plaintiff, now the over-all landlord, desires possession of the business and commercial space occupied by the corporate defendant for the purpose of withdrawal from all rental markets — housing and nonhousing — without intent to sell or rent. The statute relating to the regulation, control and stabilization of commercial and business rents (L. 1945, chs. 3, 314, as continued and amd.) does not contain any provision specifically granting or denying the owners of commercial and business space the right to dispossess a statutory tenant on the ground stated. As a consequence thereof, doubt exists as to the legal right of the plaintiff to recover possession for this purpose. By way of this action, *435 the plaintiff seeks a declaratory judgment as to its rights in the premises, and (as incidental relief thereto) an award of possession.
Even construing the pleading liberally in favor of the plaintiff (Bentrovato v. Crinnion, 206 Misc. 648, 654) and recognizing that landlord-tenant relations are peculiarly apt for declaration (cf. Tropp v. Knickerbocker Vil., 205 Misc. 200, 206, affd. 284 App. Div. 935) it is my view that this complaint is insufficient.
There is some lack of clarity in the allegations as to the space sought to be recovered — i.e., that portion actually physically occupied by the corporate defendant (cf. Benenson v. Ritzmann, 203 Misc. 768, 774) or the entire premises including the space occupied by the residential tenants. I must assume that the plaintiff desires possession of all of the premises — else why were the residential tenants joined as party defendants? And, as to these individual defendants, residential occupants, their space is controlled, and the plaintiff must proceed before the Emergency Rent Commission. A declaration, therefore, would not dispose of the interests of all parties. In consequence the court does not yet have that jurisdiction which, upon adjudication, would dispose of the entire issue. A declaratory judgment, being discretionary, should be rendered only when there is a definitive justiciable dispute, when the declaration sought is not merely advisory, and when the decree would not be futile (James v. Alderton Dock Yards, 256 N. Y. 298, 305). That is not the case here. What the situation would be were there no residential tenants party to the action and if repossession of no residential space were sought, I do not now decide (cf. Sheridan Associates v. Coffey, 1 Misc 2d 938, 940).
The motion to dismiss is granted, with leave to the plaintiff to serve an amended complaint within 20 days after service of a copy of the order hereon with notice of entry. Order signed.