Jacob Markowitz, J.
In this article 78 proceeding, the tenant petitioners seek to review and annul a determination of the State Rent Administrator granting the issuance of certificates of eviction against them.
Petitioners occupy three small apartments on the upper floors of 147 East 45th Street, New York City. The respondent lessor *98 of that building and of two adjoining buildings conducts a restaurant business in all three structures, which business occupies all of the available space in the buildings. In order to provide additional office and storage space for the expanding and immediate needs in the operation of its restaurant business, respondent applied to the commission, pursuant to subdivision (1) of section 59 of the State Rent and Eviction Regulations and the State Residential Rent Law, for certificates to evict petitioners and for the permanent withdrawal of the apartments they occupy from the rental market.
Respondent’s proof before the commission substantiated its claim that the only space available in the buildings for required immediate expansion of the restaurant business was the area occupied by the tenant’s apartments. The immediate necessity for the utilization of additional space and the lack of any other available area in the buildings occupied by the restaurant was corroborated by a physical inspection of the premises conducted by the office of the local rent administrator.
On the basis of the facts before the commission, there is an ample basis to support the finding of the State Rent Administrator that the respondent, in good faith, sought the premises occupied by the tenants for the immediate and exclusive use of its restaurant business (Matter of Berkley v. Abrams, 207 Misc. 585, affd. 286 App. Div. 840).
Petitioners’ contention that section 59 of the State Rent and Eviction Regulations is invalid and discriminatory in that it fails to provide for payment of moneys to the tenants before eviction as provided for in section 58 of the regulations, is untenable. As that issue was not raised before the local or State Rent Administrator, the petitioners are foreclosed from raising that objection in this proceeding (Matter of La Russo v. McGoldrick, 283 App. Div. 720). Furthermore, section 58 of the regulations has no application to a situation where the landlord seeks the withdrawal of the premises from the rental market pursuant to section 59 of the regulations for the sole purpose of utilizing the space for its own business (Matter of Finnerty v. McGoldrick, 2 Misc 2d 157; Matter of New York Univ. v. Temporary State Housing Rent Comm., 304 N. Y. 124). (See Matter of Asco Equities v. McGoldrick, 285 App. Div. 381, affd. 309 N. Y. 738.)
Accordingly, the determination of the State Rent Administrator was neither arbitrary, capricious nor unreasonable.
The application is denied and the petition is dismissed.