Felix O. Bekveega, J.
In ibis proceeding under article 78 of the Civil Practice Act, the petitioners, tenants of a 10-story apartment building, seek to annul the certificates of eviction granted to the landlord, Roosevelt Hospital, pursuant to section 591 of the State Rent and Eviction Regulations.
Under the State Residential Rent Law (L. 1946, ch. 274), housing accommodations already on the rental market may be withdrawn only after prior written approval of the Temporary State Housing Rent Commission, if such withdrawal requires that a tenant be evicted (§ 10, subd. 4, as amd. by L. 1957, eh. 755, § 1). And section 59 of the State Rent and Eviction Regulations (as amd. in 1955), pursuant to which the application was made, requires the issuance of a certificate of eviction to a landlord who seeks “ in good faith ” to permanently withdraw occupied housing accommodations from the rental market without any intent to rent or sell such accommodations, “ where the landlord is a hospital, convent, asylum, public institution, college, school or any institution operated exclusively for charitable or educational purposes on a non-profit basis and requires the housing accommodations or the land for its own immediate use in connection with its charitable or educational purposes (Italics supplied.)
Here, the landlord, Roosevelt Hospital, purchased the apartment building in question for the avowed purpose of withdrawing it from the rental market and using it to provide housing accommodations for members of its staff, and the record of the proceedings before the commission amply demonstrates that the application is made in good faith for the purposes indicated. Hence, the commission was required to issue the certificates (see Matter of New York Univ. v. Temporary State Housing Rent Comm., 304 N. Y. 124; Matter of Asco Equities v. McGoldrich, 285 App. Div. 381, affd. 309 N. Y. 738). Indeed, the situation here is even stronger than that presented in the cases cited, since section 59 was amended following the decisions in those cases so as specifically to provide for the issuance of certificates where, as in the instant case, the landlord is a hospital or other public institution operated exclusively for charitable or educational purposes and requires the accommodations for its own immediate use and in connection with its charitable or educational purposes. Moreover, the fact that *823 there may be some differential in salary or compensation between hospital employees provided with accommodations and those not so provided (which is to be expected), is not violative of the spirit and intent of the act. Of course, a different question would be presented if any of the accommodations were to be provided to others than hospital personnel (cf. State Bent and Eviction Begulations, § 10, subd. 2).
The cases of Matter of New York Univ. v. McGoldrick (205 Misc. 790) and Trustees of Columbia Univ. v. Weaver (N. Y. L. J., Oct. 23, 1956, p. 7, col. 4), relied upon by petitioners, are not to the contrary. In the cases cited, it clearly appeared that the landlords did not need the accommodations for the “ immediate ” use and occupancy of any of its staff; while in the instant case, the evidence is that there is such need. It may be added that the word ‘ ‘ immediate ’ ’, as used in the act, does not mean instantaneously, without any delay, or any time intervening, but within a reasonable time, without unreasonable or unnecessary delay, having due regard to the nature and circumstances of the particular case (42 C. J. S. 387-388).
The application is therefore dismissed. Settle order.