Samuel M. Gold, J.
. This is an application pursuant to article 78 of the Civil Practice Act to review a determination of the State Rent Administrator. Petitioners are tenants of an apartment house owned by St. Mary’s Greek Catholic Church, *113 a religious, charitable and nonprofit institution. In August, 1959, the landlord commenced eviction proceedings against petitioners under section 59 of the State Bent and Eviction Regulations. The landlord requested certificates of eviction alleging that its intention was permanently to withdraw subject premises from both the housing and nonhousing rental markets, to demolish the present structure and to construct a new church building adjacent to its present chapel and rectory. Section 59 of the regulations clearly states that if such request is made in good faith by a charitable institution for its own immediate use of housing accommodations or land for charitable purposes, such certificates will be issued. Petitioners do not contest the good faith of the church and its officials, but allege that building plans have not been approved, sufficient funds are not available for the demolition and construction, and the eviction proceedings should have been properly brought under section 58 of the State Bent and Eviction Regulations. Petitioners argue that respondent acted in an arbitrary and capricious manner in affirming the order of the Local Bent Administrator in granting the certificate of eviction.
Certainly sufficient evidence appears, without specifying same, to support respondent’s determination that the landlord acted in good faith when seeking to withdraw the subject property from the rental market for its own charitable purposes. The evidence also disclosed that the Department of Buildings gave oral approval to the plans for the new structure, that final, formal approval was imminent, and that there were sufficient funds available from various sources to provide for the demolition and the erection of the new building. Nor do the words ‘ ‘ immediate use ” in the regulations imply that the landlord should proceed instantaneously. Instead, the meaning is clearly within a reasonable time under the circumstances (Matter of Hughes v. Weaver, 11 Misc 2d 821, affd. 5 A D 2d 816). Any delay in this regard has only been occasioned by the legal proceedings brought herein by the petitioners. The landlord proceeded strictly in accordance with subdivision (3) of section 59 of the regulations, as was its right, and to have commenced eviction proceedings under section 58 of the regulations, as is urged by petitioners, would have been erroneous (Matter of Finnerty v. McGoldrick, 2 Misc 2d 157). It is manifest that there was abundant evidence to support and a reasonable basis for the determination of respondent herein, and that his actions were neither arbitrary, capricious nor contrary to law. The application is denied and the petition is dismissed.