Saul S. Streit, J.
This is an article 78 proceeding to review the determination of the respondent in holding that paragraph b of section 59 and paragraphs e and f of section 54 of the Bent, Eviction and Behabilitation Begulations of the New York City *901 Rent and Rehabilitation Administration were applicable to petitioner’s application for certificates of eviction made and determined under subdivision (1) of section 59 of the State Rent and Eviction Regulations of the Temporary State Housing Rent Commission; and directing that the determination of the said respondent that said regulations are applicable to petitioner be annulled; and that said regulations be declared null and void.
In gist, the petitioner applied for certificates of eviction in October, 1961, pursuant to subdivision (1) of section 59 of the State Rent and Eviction Regulations. The certificates were granted on January 31, 1962. On or qbout March 2, 1962, the tenants filed a protest with the State Rent Administrator. In the interim and on February 17, 1962, the State Emergency Housing Rent Control Law was amended (L. 1962, ch. 21) to provide that as of May 1, 1962, the City of New York had the option of assuming the administration of rent controls within its boundaries. On April 24,1962, the City of New York adopted Local Law No. 20, effective May 1, 1962, amending the Administrative Code of the City of New York (§ Y41-1.0 et seq.) establishing the City Rent and Rehabilitation Administration, to which was transferred all pending protests before the State Rent Administration affecting property within the City of New York, including the protest of the orders granting certificates of eviction to petitioner herein (§87).
On May 1, 1962, said City Rent and Rehabilitation Administration promulgated certain Rent, Eviction and Rehabilitation Regulations. Section 118 thereof refers to transfer of cases pending before the State Rent Administrator. On June 12,1962, the Administrator of the City Rent and Rehabilitation Administration promulgated Amendment No. 1 to the City Rent, Eviction and Rehabilitation Regulations, which added section 59, in part reading as follows: ‘ ‘ Withdrawal of occupied housing accommodations from rental market * * # b. Where the application is made pursuant to subparagraph (1) of paragraph a of this section, an order granting a certificate of eviction may only be issued on condition that the landlord comply with the relocation requirements of paragraph e of Section 54 of these Regulations. Such order shall also require the landlord to comply with the stipend requirements of paragraphs e and f of such Section 54.”
Thereafter, on July 18,1962, the City Rent and Rehabilitation Administrator issued to petitioner a “Notice to Landlord to Comply with Relocation Requirements. ’ ’ Under such notice the landlord is required to submit proof of compliance.
*902 The petitioner landlord urges that he is under no obligation to register an election as required under the notice of compliance, and in fact has not responded.
However, under section 91, the landlord may protest the regulations.
Under section 100, the time to take final action on a protest is 90 days, except that it may be extended by the Administrator with the consent of the party filing the protest.
In the instant protest, the tenants consented to extend the time to make a final determination.
Under section 97, the Administrator could consider the protest de novo.
In her letter of September 18, 1962, the respondent has intimated that had it not been for the fact that the regulations were comparatively new, a failure to reply promptly would be taken as a negative response and used as a basis for issuing a final order revoking the outstanding certificates of eviction.
No doubt a definite date in which to comply would be a guidance for action on the part of the respondent.
The court cannot find that the delay of the respondent in deciding the protest, or the issuance of the notice to comply was tantamount to a final determination. There were other factors to be determined.
We must bear in mind that the protest was made by the tenant. Under section 98 — Final determination by the Administrator — the party filing the protest is entitled to be informed whether the protest has been granted or denied.. It had not been done in this case. In event that the protest is denied, the protesting party would have a right to review.
Under the present proceeding, if the petitioner was successful, the tenants would not have had the opportunity to seek a review of the determination of the respondent Administrator on their protest since on the facts it cannot be said that the protest was granted or denied.
Petitioner, if so advised, could have challenged the regulations under section 473 of the Civil Practice Act.
Therefore, the court holds that there has been no final determination, since the Rent Commission still has to determine the protest of the tenants, which act is more than an administrative act and requires the exercise of its powers. (Matter of Fiesta Realty Corp. v. McGoldrick, 308 N. Y. 869.)
Accordingly, the application is denied and petition is dismissed without prejudice to a right to review after final determination of the rights of the parties.