Samuel H. Hofstadter, J.
In this article 78 proceeding the petitioner, the owner of real property, housing residential tenants sought to be evicted to enable the petitioner to demolish the residential structures and utilize them in conjunction with *284 an adjacent structure also owned by it for business expansion, moves to annul an order of the City Rent Administrator, denying its • protest of certain regulations of the City Rent and Rehabilitation Administration. Because of the disposition to be made, extended discussion of the many issues raised is not indicated.
Preliminarily, it is necessary to pass on the petitioner’s motion to strike the respondent’s answer as not in conformity with section 1291 of the Civil Practice Act and as violative of rules 103 and 104 of the Rules of Civil Practice. In one paragraph of the petition the protest is attached and made a part of the petition. The protest, so incorporated, consisting of over 11 pages, contains 35 numbered paragraphs, one with 8 subparagraphs of 2 pages. Many of the allegations in the protest relate to a proceeding still pending before the Administrator, to be mentioned presently, in which the petitioner applied for eviction certificates against the residential tenants and are at best of doubtful relevancy in the present proceeding which challenges the regulations as unconstitutional. Others contain legal argument and conclusions. The answer to the paragraph of the petition incorporating the protest states, in substance, that because of its content the respondent can neither admit nor deny its specific allegations, other than to admit that the protest was filed, but otherwise denies the allegations in the paragraph of the petition and leaves all questions of law to the court. The answer and the order and opinion denying the protest clearly enough show the respondent’s position on the issue tendered, essentially one of law. This is sufficient to enable the court to determine the application. Accordingly, the motion to strike the answer is denied.
The petitioner’s challenge is directed against sections 59 and 54 of the Rent, Eviction and Rehabilitation Regulations as applied to its pending proceeding before the City Rent and Rehabilitation Administration which require, as a condition of eviction, the relocation of and the payment of a stipend to the residential tenants. On January 31,1962, when rent control was still under State -administration, the Local Rent Administrator issued orders granting the petitioner’s application for certificates of eviction. The tenants filed a protest against these orders, which was pending and undetermined on May 1, 1962, when rent control was transferred to the City Rent and Rehabilitation Administration. Thereafter, the City Administrator issued to the petitioner a notice to comply with the relocation requirements. The petitioner instituted an article 78 proceeding to contest the right to subject it to the relocation requirements. *285 This prior proceeding was dismissed because there had as yet been no final determination of the tenants’ protest “ without prejudice to a right to review after final determination of the rights of' the parties.” (Posner Serv. v. Gabel, 38 Misc 2d 901, 902, Streit, J.) Apparently, the petitioner had, on August 22, 1962, filed its own independent protest against the regulations. Instead of obtaining a final determination of the proceeding for certificates of eviction, it has brought this proceeding to annul the order denying its protest against the regulations.
The challenged regulations were adopted pursuant to the City Eent Control Laiv. (Administrative Code of City of New York, § Y41-6.0, subd. j, pars. [1], [2].) Their application to proceedings pending before their adoption may not on that ground alone be condemned as unconstitutional. (I. L. F. Y. Co. v. City Rent & Rehabilitation Administration, 11 N Y 2d 480; I. L. F. Y. Co. v. Temporary State Housing Rent Comm., 10 N Y 2d 263; see, also, Matter of Tartaglia v. McLaughlin, 297 N. Y. 419.) The relocation and stipend requirement, if legislatively authorized, as it were, is presumptively a valid exercise of the police power (Loab Estates v. Druhe, 300 N. Y. 176; see, also, Matter of New York Univ. v. Temporary State Housing Rent Comm., 304 N. Y. 124, 127). The regulations may not be pronounced invalid on the meager record made by the petitioner. To do so would be to rule, in effect, that they are invalid solely by reason of this application to the pending proceeding, a result not permitted by the authorities cited.
It may be that the petitioner can establish that the impact of the regulations in this case is such that to apply them to it would be violative of its constitutional rights. Accordingly, the application is denied and the proceeding dismissed, but again without prejudice to further review after final determination of the proceeding now pending before the Administrator, and without prejudice to any other action or proceeding, as the petitioner may be advised.