EVA FRIEDMAN, as Executrix of MICHAEL FRIEDMAN, Deceased, et al., Respondents, *v.* ONTARIO HOLDING CORP., Appellant.

First Department, October 30, 1951.

*Reuben Tally* of counsel (*Charles H. Tally* with him on the brief), for appellant.

*Leon Malman* for respondents.

*Per Curiam.* This appeal by defendant is from so much of an order as denies defendant's motion for summary judgment dismissing the first, second, fourth and fifth causes of action in the complaint. The other causes of action were dismissed. The causes of action here involved are all based upon a contention that defendant has been guilty of bad faith in recovering possession of business space from statutory tenants, " for the immediate purpose of demolishing the building or other rental area with the intention of constructing a new building " under subdivision (c) of section 8 of the Business Rent Law (L. 1945, ch. 314, as amd.). Special Term has held that there is a triable issue concerning whether this building has been, in fact, demolished. The record shows that plaintiffs occupied stores and basements in a two-story structure, at the northeast corner of West 44th Street and Avenue of the Americas. Immediately adjoining, and upon the same plot of land, was a twenty-story fireproof office building with ground floor stores on West 44th Street. Defendant decided to reconstruct the two-story building occupied by plaintiffs, by the erection of a twenty-story structure in order to form one building with the existing twenty-story building upon 44th Street which has been described. This construction work has been completed, with the result that both structures now form one twenty-story office and store building upon the northeast corner of West 44th Street and Avenue of the Americas.

The two-story building in which plaintiff's stores were located, had been built with a view to its ultimate enlargement. The original foundation and steel columns had been made strong enough to support eighteen additional floors, and they were used for that purpose in the building operation now under consideration. The existing stone column facing and cornice were reset. Upon these facts, plaintiffs have brought this action upon the theory that the two-story building which they occupied was not demolished but altered, that this proves that defendant

was actuated by bad faith, and that they are consequently entitled to damages for losing their store locations.

Although this building operation was technically an alteration rather than demolition as classified in the New York City Building Code (cf. Administrative Code, §§ C26–11.0 and C26–168.0), and defendant's application for a building permit thus characterized the project, we think that in enacting subdivision (c) of section 8 of the Business Rent Law, the Legislature intended no such technical distinction under the facts of this case. Such a distinction may be appropriate to a building code, and not every alteration would constitute demolition under the emergency rent laws, but in these statutes the term " demolish " was evidently employed in its commonly accepted meaning, rather than in a professional architectural sense. Practically speaking this building was demolished. The emergency rent laws were passed due to the limited quantity of rental space available in New York City in proportion to the demand, and were designed to encourage new construction in order to relieve the shortage. If defendant had not used the existing foundation, steel columns, facing and cornice of the old two-story building, but had replaced them with other materials in the erection of the new structure, it would clearly have been within its right. The mere circumstance that part of the former structure could be salvaged or was usable in erecting the new twenty-story building, does not change the result. The new structure, with its addition to the available business and commercial rental space in the vicinity, could not have been built unless plaintiffs had been removed as tenants. Their stores could not have been occupied during the lengthy building operations, nor can their locations properly be described as the same stores after completion. They are new stores, in common parlance, notwithstanding that they have the same foundation, are supported by the same steel columns, and are ornamented on the outside by the same stone column facing and cornice. The fact that the new building is used in conjunction with the former twenty-story building adjoining on West 44th Street, does not alter the circumstance that the old two-story structure has been demolished in the meaning of the Business Rent Law.

The order so far as appealed from should be reversed so as to grant defendant's motion for summary judgment dismissing each of the causes of action contained in the complaint, with $20 costs and disbursements to the appellant.

PECK, P. J., COHN, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Order, so far as appealed from, unanimously reversed so as to grant defendant's motion for summary judgment dismissing each of the causes of action contained in the complaint, with $20 costs and disbursements to the appellant. Settle order on notice. [See *post,* p. 799.]