Ernest Garay et al., Individually and as Copartners Doing Business under the Name of Regnal Realty Co., Respondents, *v.* Joseph Todros et al., Defendants, and Joseph D. McGoldrick, as State Rent Administrator, et al., Appellants.

First Department, May 26, 1953.

*Beatrice Shainswit* of counsel (*Robert H. Schaffer,* attorney), for Joseph D. McGoldrick, appellant.

*Maxwell N. Rudaw* of counsel (*Martin Markson* with him on the brief; *Maxwell N. Rudaw,* attorney), for " Mary " Giblin and others, appellants.

*Herman Katz* for respondents.

BREITEL, J.   Owners of adjoining buildings seek a declaratory judgment construing the demolition provisions in the emergency statutes applicable to residential and commercial properties (State Residential Rent Law, § 5, subd. 2, par. [c]; L. 1951, ch. 443; Rent and Eviction Regulations, § 58; Commercial Rent Law, § 8, subd. [c]; L. 1945, ch. 3, as amd. by L. 1952, ch. 416). The State Rent Commission and a number of the residential tenants of the buildings moved to dismiss the complaint for insufficiency.   Special Term denied the motions, and the moving defendants appealed.

Owners claim that unless they can obtain a judicial construction of these demolition provisions in a single action or proceeding they face the peril of conflicting holdings before the State Rent Commission as to their residential tenants and in summary proceedings to remove their commercial tenants. They plan a major reconstruction of the premises, retaining only the foundations, outer walls and certain of the flooring and ceiling beams. Hence, the owners argue, there may be a different view taken by different agencies as to whether this major reconstruction constitutes demolition or a remodeling of the premises. The consequences of a different finding vary. Under the commercial emergency rent laws, the tenants may be evicted if there is a bona fide demolition. Nothing less than demolition will do, and upon eviction for demolition, the obligations to the tenants wholly cease, except to carry through the demolition in good faith. Under the residential emergency rent laws, the State Rent Commission, in the first instance, and not the courts, determines on application whether the proposed reconstruction is a demolition or a remodeling. If it finds that a demolition is contemplated, certificates of eviction are granted, which are conditions precedent to bringing summary proceedings to evict the tenants. If it finds that the reconstruction is merely a remodeling it may, as a condition to its approval, require the owner to make appropriate temporary provision for the tenants or prove that the remodeling will increase the tenant occupancy of the premises, if they are presently underoccupied.

We find no such danger of conflict between the administrative agency and the courts entertaining summary proceedings which would require or justify an action of this kind for a declaratory judgment. The owners face no danger that they will be required to do two different things at the same time. The effect of having the two emergency laws applicable to the buildings is that owners must overcome two hurdles rather than one before they may proceed with the planned reconstruction. That is not too great a burden, provided they start with the State Rent Commission, instead of evicting first the commercial tenants, and then finding that the State Rent Commission will not authorize the reconstruction, or will not do so except on conditions not acceptable to the owners. Nor is it essential that the demolition provisions have the same meaning in both statutes. In the residential rent law there is a higher public interest protected and a different class of persons for whose benefit the State has chosen to exercise its police power. In the case

of the commercial rent laws we have a matter of balancing economic interests that may not always be in harmony, but not relating to so fundamental a matter as basic shelter for human beings. In the light of this distinction it is even more important that an administrative agency, such as the State Rent Commission, make the determination as to whether a demolition is involved or not, and if not, what conditions, if any, should be imposed. And thereupon, only if their determinations have been arbitrary may the courts overrule them. This would entail a scope of regulatory review quite different from the jurisdiction that the court would assume if it sought to construe the meaning of the demolition provisions in the first instance and as applicable to the facts here. That again might be quite different from what an appellate court might decide in a review of a *nisi prius* finding in a summary proceeding under the commercial rent laws.

In thus holding, which we do as a matter of discretion on the facts alleged in this complaint, we do not preclude the Supreme Court from entertaining jurisdiction in an action for a declaratory judgment in this or another area involving administrative agencies where there is a showing that plaintiff is in a position where he will face inconsistent, unduly burdensome or arbitrary interference with the conduct of his affairs.

The orders insofar as appealed from should be reversed and the motions dismissing the complaint granted.

Dore, J. P., Callahan and Bergan, JJ., concur.

Orders unanimously reversed, with one bill of $20 costs and disbursements to the appellants and the motions to dismiss the complaint granted.