In the Matter of Mayfair-York Corp., Appellant, against Joseph D. McGoldrick, as State Rent Administrator, Respondent, and George W. Bolling et al., Intervenors-Respondents.

First Department, June 7, 1955.

*Walter Wodinsky* for appellant.

*Harold Zucker* of counsel (*Hortense W. Gabel,* attorney), for respondent.

*Lewis M. Isaacs, Jr.,* of counsel (*Murray Schwartz* with him on the brief; *M. S. & I. S. Isaacs,* attorneys), for intervenors-respondents.

*Per Curiam.* Neither the statute nor the regulations give the Rent Administrator power to supervise or regulate the method of financing proposed subdivisions of larger apartments under section 57 of the State Rent and Eviction Regulations of the commission. Nevertheless, he may consider, as one of several factors, the element of financial resources in determining the landlord's good faith and intention to effect the alterations. (Cf. *Matter of Asco Equities* v. *McGoldrick,* 285 App. Div. 381.) This does not mean that the landlord must establish any particular level of financial ability or that his method of financing, whether speculative or conservative, must meet the standards of the Rent Administrator. But the Rent Administrator

may consider the absence of resources a ground for finding a lack of good faith on the part of the landlord. In that event, he should make such a finding.

In the instant case there is a finding that " the landlord has not demonstrated that it seeks in good faith to recover the subject housing accommodations for the purpose of performing substantial alterations and remodeling involving the subdivision of the subject apartments." While this is phrased in the negative, in the light of the record, we have assumed that the administrator was in fact finding, on the record before him, that the landlord did not intend to effect the alteration in the manner proposed, and not merely that the administrator disapproved the " shoestring " type of financing indulged in by the landlord. The conclusion is facilitated by the peculiar and unexplained absence of witnesses with knowledge of the facts, on behalf of the landlord, at the rather full hearings of the Rent Administrator.

We note, too, that Special Term made its determination without prejudice to a renewal of the landlord's application before the commission. Upon such renewal, the issue will not be " good faith and financial ability," as suggested in the brief submitted by intervenor tenants, but good faith only. As already pointed out, in connection with that issue the Rent Administrator may test the genuineness of the landlord's intention by considering, to a degree, the mode of financing proposed, but may not ignore all the other factors in the case.

The order should be affirmed, together with costs to respondents.

COHN, J. P., CALLAHAN, BREITEL and BOTEIN, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondents. [See *post*, p. 845.]