Vincent A. Lupiano, J.
In this article 78 proceeding, the petitioner (landlord) seeks to review the order of the State Rent Administrator (respondent) which denied certificates of eviction, based on a finding that the accommodations involved herein were not under-occupied within the meaning of the appropriate State Rent and Eviction Regulations (§ 57).
*830 The dispositive issue here is whether the so-called ‘ ‘ Maid’s Booms ” must be counted as legal rooms in determining under-occupancy within the intendment of the State Bent and Eviction Begulations (§ 57).
The petitioner contends that in a previous application (1954) for certificates of eviction involving the same apartment, the Administrator found that the “ Maid’s Booms ” had the status of a room, commenting thereon that the tenants’ claim “was not supported with any showing that the Municipal Authorities have made any specific ruling with respect to the unlawful nature of this room ”. It should be noted that, at that time, no actual inspection was made. However, the Administrator, on other grounds, determined the 1954 application adversely to the landlord, basing his determination on the landlord’s lack of good faith and financial ability, affording the landlord the right to reapply on an adequate showing of good faith.
Both Special Term (Matter of Mayfair-York Corp. v. McGoldrick, N. Y. L. J., Dec. 22, 1954, p. 4, col. 3) and Appellate Division (286 App. Div. 154), on judicial review thereof, affirmed this determination on the sole issue presented, viz.: that the landlord could be required to show financial ability as a condition of good faith in seeking the desired evictions.
In August, 1955, the petitioner herein applied anew for certificates and the instant application formed the subject matter of the present proceedings. After hearing, at the local rent office, certificates were granted to the landlord, April 1956, after the tenants again had raised the issue with respect to size and usefulness of the “ Maid’s Booms ” in each of their apartments. Again the office ruled against them. On protest to the State Administrator, there was a de novo consideration of the matter, and a physical inspection revealed that the rooms were smaller than as shown by the dimensions in the original construction plan; which, moreover, were not livable. In this phase, the Administrator was empowered to make new findings upon the evidence before him (Matter of Yasser v. McGoldrick, 282 App. Div. 1056, affd. 306 N. Y. 924) and the original determination was not res judicata (Matter of Green v. McGoldrick, 286 App. Div. 843, affd. 309 N. Y. 886).
Another article 78 proceeding followed and after remittal the Administrator concluded that the “ Maid’s Booms ” were not functional for living purposes and any earlier determinations were incorrect. Discounting such rooms, he ruled out under-occupancy. Apart from the legal reasons assigned by him, there is additional warrant for this position: section 214 (subd. 1, par. c) of the Multiple Dwelling Law excludes these rooms as *831 legal rooms, on the basis of their size. Apropos, the Administrator cannot disregard the definitions made by legislative bodies of what constitutes a livable room or the measurements prescribed for such status (Matter of Jaffe v. McGoldrick, 285 App. Div. 889).
All in all, there is factual and legal support in the record for the determination made by the Administrator and, accordingly, the application is denied and the petition is dismissed.
(July 8, 1958)
Lupiano, J. The decision of June 30, 1958, is modified by deleting therefrom ‘ It should be noted that, at that time, no actual inspection was made.” Otherwise the decision stands in all respects.
Settle order forthwith on one day’s notice.