Joseph A. Gavagan, J.
This is an article 78 proceeding to review the determination of the State Rent Administrator, granting to the landlords certificates of eviction to enable them to demolish the premises in question for the purpose of constructing a new building containing additional accommodations.
*285 The petitioners contend that the hearing before the Local Bent Commissioner was improper and unfair and that the tenants did not have an opportunity to really present their case or to inquire into the facts adequately; they further complain that the hearing officer refused to issue subpoenas to the Building Department, the accountant for the landlords, the prior owner and a lending institution. Petitioners also requested that a stenographic report of the hearing be made but that it was denied.
The main issue herein is whether the landlords had sufficiently shown that they were entitled to certificates of eviction pursuant to section 5 (subd. 2, par. [c]) of the State Besidential Bent Law of the State of New York (L. 1946, ch. 274, as amd.) and the State Bent and Eviction Begulations thereunder, in the proceeding before the Local Bent Administrator.
The courts have consistently held that there is no absolute right to a hearing before the Bent Commissioner, nor is there any requirement in event a hearing is held that a stenographic record be made of the evidence (Matter of Hammond v. McGoldrick, 207 Misc. 36 and cases cited therein).
The question of demolition is adequately answered by the papers filed in the Building Department of the City of New York under N. B. 174/58.
As to the issue of good faith, financial resources sufficient to complete the proposed undertaking are considered by the Commissioner as one of the elements (Matter of Asco Equities v. McGoldrick, 285 App. Div. 381). However, as stated in Matter of Mayfair-York Corp. v. McGoldrich (286 App. Div. 154, 155): ‘ ‘ This does not mean that the landlord must establish any particular level of financial ability or that his method of financing, whether speculative or conservative, must meet the standards of the Bent Administrator.”
The proof of financial responsibility of the landlords is most convincing and, taken with all the other factors presented, clearly demonstrates good faith in their endeavor.
There was no necessity to issue subpoenas as requested by the tenants, and the lack of such records or persons before the Hearing Commissioner did not prejudice the tenants’ rights under the facts that were before said Commissioner.
The court is sympathetic with the plight of the tenants, but the Legislature, which has given protection to the tenants under the rent laws, also saw fit to make certain exceptions and gave power to the State Bent Administrator to determine when the exceptions arose. The Legislature has also provided that the *286 landlord shall be liable for certain damages for failure to carry out the purpose for which the certificates were granted.
Where there is a reasonable basis in the record for the findings, the determination of the administrative body should not be disturbed (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104, 108). There is ample in this record and a reasonable basis in the law for the commission’s determination, and it is, therefore, not arbitrary or capricious. Accordingly, the application is denied and the petition is dismissed.