Louis J. Capozzoli, J.
This is an article 78 proceeding to annul the order of the City Rent and Rehabilitation Administrator which granted building-wide certificates of eviction to permit demolition of an apartment building and construction of a square block complex of office and apartment building.
The landlord applied for certificates of eviction pursuant to section 58 of the Rent, Eviction and Rehabilitation Regulations for purpose of demolition of premises 400 East 49th Street, New York City, a 19-story building containing 94 apartments to erect a new structure 38 stories in height, to contain 428 residential apartments and 6 stories for commercial units at an estimated cost of $28,000,000. (Two previous requests by the landlord for similar relief were denied without prejudice for failure of proof of financial ability to undertake and complete all aspects of the described project.)
As proof of financial ability on the renewed application, the landlord submitted a mortgage commitment from Equitable Life Assurance Society of the United States (Equitable) for $28,000,000 as part of a sale leaseback transaction, and a letter of commitment from Aluminum Company of America (Alcoa) to provide such additional funds necessary to complete the project over and above the amount obtained from Equitable.
The District Rent Director found that the landlord complied with the statutory requirements and formal relocation proceedings, pursuant to section 54 of the regulations were commenced. All of the tenants were offered suitable relocation *288 accommodations, but refused this offer on the ground they were obliged to do so in order to seek a review of the order granting certificates of eviction.
The District Bent Director thereupon issued certificates of eviction to the landlord pertaining to the remaining tenants in possession. Bach order granting a certificate of eviction provided for payment to the named tenant of a relocation stipend in accordance with section 54 (subd. e, par. [3]) and states in part: “Tenant has unreasonably refused landlord’s offer of suitable relocation.” The tenants’ protest to the City Bent and Behabilitation Administrator was denied.
The instant application attacks the Administrator’s determination on the grounds:
(1) There was no showing of financial responsibility by the landlord;
(2) The new building will not be on the site of the subject building and does not contain housing accommodations in excess of 20% of those in the existing structure; and
(3) The tenants did not unreasonably refuse the offers of relocation, but were obliged to reject the offers to protect their right to review the action of the Local Bent Officer.
The evidence before the City Bent and Behabilitation Administrator and District Bent Director amply demonstrated the financial ability of the landlord to proceed with and complete the proposed project as shown by the commitments made by Equitable and Alcoa. The adequacy of Equitable’s commitment, which is challenged by the tenants, is a matter for the Bent Administrator’s determination in considering the mode of financing proposed. And as no particular method of financing is required (Matter of Mayfair-York Corp. v. McGoldrick, 286 App. Div. 154) there is sufficient in the record to sustain a finding that the landlord has the financial capacity to complete the complex building structure and was acting in good faith (Matter of Gioeli v. Herman, 221 N. Y. S. 2d 568; Matter of Boldt v. Herman, 23 Misc 2d 284).
Tenants’ further contention that proof of financial responsibility fell because ownership of the building changed during the pendency of the proceeding, is without merit. There was no change in the fee ownership which was in the name of the landlord who instituted these proceedings as agent for the joint venture composed of Webb & Knapp, Inc., Alcoa and First Avenue Development. The assignment of the Webb & Knapp interests to its co-venturer Alcoa and its wholly owned subsidiary, thereby increasing Alcoa’s interest in the property, is not *289 sufficient to defeat this proceeding (Matter of Frank v. Herman, N. Y. L. J., March 24, 1961, p. 13, col. 2).
Nor is there merit to the tenants’ claim that the building sought to be demolished would not be replaced by a new one containing at least 20% more housing accommodations as required by section 58 of the regulations. This argument is predicated on the fact that the new building would not occupy the site of the subject building, and that part of the old building site would be replaced by a plaza and a commercial structure.
The record discloses that the landlord intends to erect a new building on the square block bounded by Forty-eighth and Forty-ninth Streets, First Avenue and Franklin D. Roosevelt Drive which is now occupied by a parking lot and the subject building. The proposed building will be an office and apartment building complex. A 6-story base structure will provide for commercial space and twin 32-story towers will rise above the base structure, each tower to contain 168 apartments. The fact that the site of the twin towers will not coincide with the site of the old building to be demolished does not violate subdivision (a) of section 58 of the Rent and Eviction Regulations. As stated in Matter of Kilkenny (Herman) (221 N. Y. S. 2d 1001, 1003):
“ To compel a builder, who purchases a site on which there are existing buildings, to build new buildings on exactly the same area fails to take into account architectural and engineering developments in the years since the old buildings were constructed and possible changes in the zoning law.
‘ ‘ As long as the newly created units exceed those replaced by the required percentage, the spirit and intent of the law is met. ’ ’
There remains for consideration tenants’ further claim that their refusal of the landlord’s relocation offers was necessary in order to protect their right to review the first step in this proceeding, to wit: The District Rent Director’s finding that the landlord was entitled to certificates of eviction.
Although the law provides for the right to review the validity, propriety and reasonableness of any final order of the District Rent Director and the City Rent and Rehabilitation Administrator (Administrative Code, §§ Y51-8.0, Y51-9.0) landlords and tenants may not invoke such right until a final determination is made as all final orders encompass intermediate rulings and findings.
Thus the tenants’ assertion that they have the right to separately litigate the question of the landlord’s eligibility for certificates of eviction and the suitability of the landlord’s offer of relocation, is unwarranted and without basis in the law. *290 Moreover, the tenants could have stipulated to entertain the relocation offers without prejudice to their right to contest the prior finding that the landlord was entitled to certificates of eviction, and any adverse ruling on the relocation offer could be properly reviewed in the subsequent administrative and judicial proceedings together with the other prior issues.
As there is sufficient in the record to sustain the determination of the Rent Administrator and as the determination cannot be said to be arbitrary or capricious, the application is denied and the petition is dismissed.