In the Matter of 239, 243 AND 247 CORP., Respondent, *v.* HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant, and CAROLINE SANDY et al., Tenants-Intervenors.

First Department, November 22, 1966.

*Morton Fried* of counsel (*Maurice A. Reichman*, attorney), for appellant.

*Max Steinberg* for respondent.

*Robert Sugerman* of counsel (*Evens, Levenson. & Levenson*, attorneys), for intervenors.

*Per Curiam.* This is an appeal by the City Rent and Rehabilitation Administrator from a judgment in an article 78 proceeding granting the petitioner landlord's application for an annulment of an administrative determination denying a certificate of eviction, and remanding it for further consideration.

Section 57 (subd. a, par. [1]) of the City Rent Eviction and Rehabilitation Regulations permits the issuance of a certificate of eviction for alteration or remodelling "an under-occupied housing accommodation containing 6 or more rooms" exclusive of kitchen and bathroom. The question for review is whether it was reasonable for the Administrator to determine that a particular area in a housing accommodation was not a room within the meaning of section 57 of the regulations.

It is not denied that each of the "railroad flat" apartments in question contained a walled area located next to the kitchen, with a window and a separate door leading into the hallway. Expert testimony of a consulting engineer indicated that the area was irregular in shape and varied in width from 6 feet, 8 inches at its widest point to 6 feet, 2½ inches at its narrowest and was about 7 feet in length. There were also exposed pipes which further reduced the open floor space to about 41.3 square feet. The buildings in which the apartments were located were constructed in 1884 and are presently classified as "old-law tenements" (Multiple Dwelling Law, § 4, subd. 11). At the time the buildings were constructed there was no minimum legal requisite for the size of rooms. The Multiple Dwelling Law enacted in 1929, as amended, provides minimum room standards of 60 square feet of open floor living space and 75 square feet for sleeping purposes (see Multiple Dwelling Law, § 4, subd. 18; §§ 13 and 25; § 31, subd. 6, par. b; § 214, subd. 1, par. c; see, also, New York City Administrative Code, §§ C26–91.0, C26–

261.06). However, a savings clause excepts old-law tenements from this requirement (Multiple Dwelling Law, § 366, subd. 4). In response to an inquiry by appellant, the Department of Buildings, by letter, stated that each of the disputed areas was a "legal room." The Rent Administrator did not consider this a room within contemplation of section 57 (subd. a, par. [1]) of the regulations.

Subdivision 6 of section 1 of State Enabling Act (L. 1962, ch. 21) and Local Laws, 1962, No. 20 of City of New York (as amd. by L. 1963, ch. 100, § 1533) (§ Y51–5.0, subd. g, par. [1]) authorizes the Rent Administrator to adopt regulations as may be deemed necessary to effectuate the purpose of the law, including procedures for recovery of possession. The purpose is to secure proper and adequate living accommodations during the emergency housing shortage. There is a presumption that words used in a statute or regulation are to express a particular idea (*Matter of Tonis* v. *Board of Regents,* 295 N. Y. 286). Similar words used in different statutes may convey different ideas or legal concepts depending upon the context in which they are used. It is a rule of statutory construction that words used in one statute are not necessarily given the same meaning or bound by the same limitations as words used in another statute where such statutes are not *in pari materia*. (See *Matter of Palmer* v. *Spaulding,* 299 N. Y. 368; *Central Greyhound Lines* v. *Mealey,* 296 N. Y. 18; *Matter of Rosenberg,* 269 N. Y. 247.) For this reason, while persuasive (cf. *Matter of Jaffee* v. *McGoldrick,* 285 App. Div. 889), the opinion of the Superintendent of the Department of Buildings that each area in question was a "legal room" is not conclusive to a determination by the Rent Administrator. The Superintendent's opinion was based upon provisions of the Multiple Dwelling Law whose "primary objective * * * is public safety" (Historical Development of the Multiple Dwelling Law by Honorable MacNeil Mitchell, Chairman of Joint Legislative Committee on Housing and Multiple Dwellings, in McKinney's Cons. Laws of N. Y., Book 35-A, Multiple Dwelling Law, p. IX). The policy of the emergency rent control laws is concerned primarily with housing accommodations. Moreover, the conclusion that the area was a "legal room" was not based upon any statutory definition but upon the savings clause of the Multiple Dwelling Law and the absence of any requirements as to the minimum size of a room when the buildings were constructed. It is safe to say that the socially beneficial policy reasons for requiring the minimum size of living space were far beyond the contem-

plation of a majority of the Legislature in 1884. The Administrator was not bound as a matter of law to conclude the area was a room.

Reluctance to define a room under the rent regulations indicates a design to reserve a wide range of discretion in the Rent Administrator (*Matter of Lion Brewery* v. *Weaver*, 8 A D 2d 173, 175, affd. 7 N Y 2d 928). Numerous administrative determinations that enclosed areas do not constitute a room within the meaning of the rent laws have been upheld by the courts (*Matter of Mayfair-York Corp.* v. *Weaver*, 13 Misc 2d 829, affd. 9 A D 2d 613 [maid's room]; *Matter of Sacks* v. *McGoldrick*, N. Y. L. J., Nov. 14, 1951, p. 1230, col. 3 [Sup. Ct., N. Y. County, AURELIO, J.], affd. 279 App. Div. 787 [pantry]; *Matter of Paretta* v. *McGoldrick*, N. Y. L. J., July 26, 1954, p. 2, col. 6 [Sup. Ct., N. Y. County, GOLD, J.], affd. 284 App. Div. 1034 [dressing room]). In the case at bar each space in question contained approximately 41.3 square feet of living area, far below the minimum requisite standard which the public policy of our State demands. Additionally, there was evidence that the area in fact was used by many tenants for storage space. It was reasonable for the Administrator to determine that the space in question was not a room within the meaning of section 57 of the rent regulations.

The judgment should be reversed, on the law, the facts having been considered, and the petition dismissed, without costs and without disbursements to any party.

BOTEIN, P. J., RABIN, STEVENS, STEUER and CAPOZZOLI, JJ., concur.

Judgment unanimously reversed, on the law, the facts having been considered, without costs and without disbursements to any party, and the petition dismissed.