Samuel A. Spiegel, J.
Motion number 139 of the calendar of August 4, 1970 in the proceeding under Index Number 8673/ 1970 and motion number 140 of the calendar of August 4, 1970 in the proceeding under Index Number 8577/1970 are herein consolidated for disposition.
The issues of fact and law presented in each of these two article 78 proceedings are substantially identical. In each case petitioners, tenants of rent-controlled residential apartments, seek to annul the determination of respondent Commissioner of the Department of Bent and Housing Maintenance of the City of New York, denying protest of an order of the District Bent *1063 Director granting certificates of eviction of petitioners to petitioners’ landlord. The landlord, the same party in each case, has also been made a party respondent in each proceeding.
Respondent Commissioner found that respondent landlord intended in good faith to substantially demolish each of the existing structures and to construct in place of each of them a building containing at least 20% more housing accommodations consisting of self-contained family units, as defined in section 11 of the Rent Eviction and Rehabilitation Regulations, than there are in each of the existing structures. Respondent Commissioner further found that respondent landlord made sufficient efforts as required by section 54 of the city rent regulations, to relocate the tenants. Based upon the foregoing, respondent Commissioner found that the certificates of eviction were properly issued pursuant to section 58 of the city rent regulations.
Petitioners contend herein that the determinations of respondent Commissioner are unlawful as the plans submitted by the landlord call for a partial and not total demolition of each of the subject buildings, with various parts of the existing buildings, including the fronts, public halls, outer walls, and boiler rooms to remain standing. Petitioners argue that the plans submitted are for alteration of the buildings and not for demolition, and therefore that certificates of eviction for demolition under section 58 of the city rent regulations were improperly issued.
In opposition to this contention, respondents contend that a “ demolition ” of a building for the purpose of obtaining certificates of eviction need not be a total levelling of the building. Respondents cite the case of Friedman v. Ontario Holding Corp. (279 App. Div. 23, affd. 304 N. Y. 625), which held that under the State Business Rent Law then in effect, the word “ demolish ” was not to be construed in the professional architectural sense of total destruction, but rather according to the common meaning of a substantial dismantling.
Petitioners, in rebuttal, contend that the definition of “ demolish ” in Friedman is not controlling herein. Petitioners cite the case of Garay v. Todros (282 App. Div. 126), decided subsequent to Friedmcm, which stated that the demolition provisions of the former State Residential Rent Law were not necessarily to be construed in the same way as the demolition provisions of the former Business Rent Law, and by implication of the holding in Garay, the petitioners argue that the demolition provisions of the present City Rent Law and Regulations are not necessarily to be construed in the same manner as those of the former Business Rent Law.
*1064 “ Nor is it essential that the demolition provisions have the same meaning in both statutes. In the residential rent law there is a higher public interest protected and a different class of persons for whose benefit the State has chosen to exercise its police power. In the case of the commercial rent laws we have a matter of balancing economic interests * * * but not relating to so fundamental a matter as basic shelter for human beings.” (282 App. Div. 126, 128-129.)
Respondents, however, cite cases under the former State Residential Rent Laws and the Regulations pursuant thereto, and the present City Rent Law and Regulations, which uphold the proposition that a 1 ‘ demolition ” of a residential apartment building need not be a total levelling thereof, but may be such as to result in the construction of an altered building. (E.g., Matter of Gioeli, 221 N. Y. S. 2d 568; Gewirtz v. Altman, N. Y. L. J., June 4, 1970, p. 2, col. 2.)
However, the court herein rests its adjudication of this point on a basis other than those advanced either by petitioners or respondents.
The pertinent portion of section 58 of the city rent regulations reads as follows: “ a certificate shall be issued where the landlord seeks in good faith to recover possession of housing accommodations for the immediate purpose of demolishing them ”.
The antecedent of the pronoun “ them ” in the quoted portion of regulation 58 is the noun ‘ ‘ accommodations ’ ’, as modified by the adjective “ housing.” Interpreting the regulation in its clear and unambiguous meaning, the landlord need not demolish the building in which are located the housing accommodations possession of which he seeks to recover but need only demolish the existing housing accommodations. The plan submitted in the case at bar by respondent landlord and approved by the District Rent Director and by respondent Commissioner calls for the total demolition of the housing accommodations occupied by petitioners and thusly meets the requirements of section 58, of the regulations, and the certificates of eviction were properly issued. We do not find it necessary to reach the question of whether a partial or “ substantial ” demolition of all or any of the accommodations would be sufficient to warrant the issuance of certificates of eviction.
The foregoing also disposes of the contention that respondent Commissioner erred in declining to be bound by the finding of the New York City Department of Buildings that the plans submitted were for alteration and not for demolition of the subject buildings.
*1065 Petitioners further contend that the determinations of respondent Commissioner are unlawful in that there is not substantial evidence to support the findings of respondent Commissioner that respondent landlord has complied with the good faith requirement of section 58 of the regulations as the landlord has submitted no proof of its own financial ability to undertake the proposed demolition and construction.
This contention cannot be upheld. Respondent landlord has submitted letters of credit issued by a commercial bank to the contractor hired by respondent landlord, in amounts necessary to complete the construction projects. This is a sufficient showing of financial responsibility for the completion of the undertakings and of good faith on the part of respondent landlord. (Matter of Mayfair-York Corp. v. McGoldrick, 286 App. Div. 154, mot. for rearg. and for lv. to app. den. 286 App. Div. 845 Matter of Goldsmith v. Gabel, 43 Misc 2d 286; Matter of Gioeli, 221 N. Y. S. 2d 568, supra; Matter of Boldt v. Herman, 23 Misc 2d 284.)
Petitioners further contend that respondent Commissioner’s determinations are unlawful in that he failed to find that respondent landlord has complied or must comply with the requirements of section 12 of the city rent regulations. This contention is without merit. Section 58, upon which this proceeding is based, requires compliance with certain provisions of section 11 regarding the definition of the term “ self-contained family unit” in relation to the new units to be constructed upon the site of the demolished accommodation. Section 58 makes no reference to section 12, the provisions of which are not herein relevant and need not be discussed.
Petitioners’ further contention that respondent Commissioner’s determinations are unlawful in that the record does not show that respondent landlord offered suitable relocation to petitioners cannot be upheld. The record sustains the finding that suitable relocation was offered to each of the petitioners in accordance with section 54 of the city rent regulations. Respondent landlord cannot be prejudiced by the refusal of certain of the petitioners to accept the offers made.
Respondent’s determination in each case was founded upon substantial evidence in the record and was made upon a reasonable basis. These determinations cannot be set aside. (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1.)
In each case the application is denied and judgment is directed dismissing the petition. Any stay in either case is vacated.
In each case settle judgment.