Louis L. Friedman, J.
In this article 78 proceeding, petitioner seeks to review the determination of the Temporary State Housing Bent Administrator and for an order directing the respondent to issue three certificates of eviction pursuant to section 59 of the State Bent and Eviction Begulations.
The record discloses that petitioner, an alleged charitable institution, was incorporated in 1953. At the time the proceeding was instituted, the certificate apparently did not provide that the corporation was operated exclusively for charitable purposes. While the application was pending, petitioner filed an amended certificate of incorporation, changing its operation to charitable purposes, including the giving of financial assistance and care. The property, consisting of six apartments, is occupied by a superintendent, the president of the petitioner using the apartment in conjunction with an office, and a member of the petitioner organization paying a comparable rent as the three tenants sought to be evicted. It is conceded by the landlord that the corporation was not exempt from taxation under the Internal Bevenue Code and that no application is pending for such exemption as a charitable organization. Petitioner desires to withdraw the premises from the rental market, subdivide each of the apartments into smaller housekeeping units and in accordance with its corporate powers, furnish rooms and living quarters to its needy, destitute or physically disabled members.
Petitioner predicates its request for certificates under the following three subdivisions of section 59 of the rent regulations: subdivision 1, that it required the entire structure for its immediate use in connection with its own business; subdivision 3, that it operates exclusively as a charitable organization and requires the accommodations for its own immediate use in connection with its charitable purposes; and subdivision 4, that the continued operation of the housing accommodations imposes undue hardship on the landlord. After a hearing pursuant to a consent order of remission by this court, respondent denied the application, finding that petitioner had failed to sustain its claim of being a charitable organization within the intent of subdivision (3) of section 59 of the regulations, with leave to renew the application upon submission of proof that it is an organization exempt from taxation under subdivision (6) of section 101 of the Internal Bevenue Code (U. ¡3. Code, tit. *609 26, § 101, subd. [6]), and finding that a granting of certificates pursuant to subdivisions (1) and (4) would be inconsistent with the purposes of the Act.
It is undisputed that under subdivision 4 of section 10 of the State Residential Rent Law (L. 1946, ch. 274, as amd.) housing accommodations cannot be withdrawn from the rental market without the prior written approval of the respondent. The language of the act negatives an unqualified right of withdrawal and the creation of section 59 of the rent regulations, as amended, with its reasonable restrictions is not inconsistent with the statute (Matter of Asco Equities v. McGoldrick, 285 App. Div. 381, 386, affd. 309 N. Y. 738; Matter of New York Univ. v. McGoldrick, 205 Misc. 790). The mere assertion by the landlord that he desires in good faith to withdraw the property from the rental market is not enough as the petitioner must meet the additional objective standards provided in section 59 as amended (Matter of Asco Equities v. McGoldrick, supra).
The promulgation of subdivision 1 and subdivision 3 of the regulation in dispute clearly shows that the respondent intended subdivision 1 to apply only to commercial or professional enterprises, and subdivision (3) to charitable enterprises. On the facts presented, the petitioner cannot be characterized as a business venture. A granting of certificates under this subdivision would be entirely inconsistent with the purposes of the Act. The respondent was further justified in determining that as it now exists, the petitioner is not a charitable institution and the mere filing of the amended certificate was not sufficient evidence to sustain the petitioner’s viewpoint. The court in Lee Scholarship Fund v. Hollander (280 App. Div. 769) in passing upon the language of paragraph (a) of subdivision 2 of section 2 of the State Residential Rent Law, which language is almost identical with subdivision (3) of section 59 of the rent regulations, held that the corporation therein was not a charitable organization merely because its profits are required by its certificate of incorporation to be diverted to educational or charitable purposes. While subdivision (3) of section 59 does not define a charitable organization, subdivision (5) of section 55 of the rent regulations does set up the criteria insofar as the respondent is concerned, as to what is meant by a charitable institution. Such requirement is not contra to the intent of the Act. Until the petitioner meets with the proof required by the respondent, the court cannot hold that the determination of the respondent with respect to this phase was unreasonable, arbitrary or capricious.
*610 With respect to subdivision (4) of the regulations, the proof establishes no hardship upon the petitioner as the property is operating at a net profit. It cannot be. said from the foregoing that the determination of the respondent was arbitrary or capricious, and there being a reasonable basis in law and fact for such determination, the court will not substitute its judgment for that of the administrative agency designated by the Legislature to pass upon such matters.
Accordingly the petition is dismissed.