In the Matter of SIDNEY SARNER, Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.

First Department, June 4, 1957.

*Joseph Feldman* of counsel (*Herbert M. Rosenberg* and *Irwin H. Rosenberg* with him on the brief; *Rosenberg & Rosenberg*, attorneys), for appellant.

*Edward V. Alfieri* of counsel (*Nathan Heller*, attorney), for respondent.

*Per Curiam.* Under the State Residential Rent Law (§ 10, subd. 4; L. 1946, ch. 274, as amd. by L. 1951, ch. 443) the commission's authority with respect to landlords who seek to withdraw their property from the rental market is to determine whether, in fact, they actually intend to withdraw their property or are merely pretending to do so. This is the significance of the phrase " in good faith " in section 59 of the State Rent and Eviction Regulations which implements the statutory provision referred to above. (See *Matter of Asco Equities* v. *McGoldrick*, 285 App. Div. 381, affd. 309 N. Y. 738.)

The record in this case indicates that the Administrator made no finding as to the landlord's intention to withdraw the premises from the rental market. In the instant case he found only that the landlord failed to satisfy any of the objective

48

criteria set forth in section 59 of the State Rent and Eviction Regulations. This is not sufficient as pointed out in the *Asco Equities* case. The required finding is in respect to the good faith of the landlord's intention in withdrawing the premises from the rental market. If the landlord can establish the good faith of his intention by any objective standard, he is entitled to do so. If section 59 permits of such proof, then, to that extent, the regulation is valid. If, on the other hand, section 59 is inadequate for that purpose, then the landlord properly protested the validity of the regulation.

Consequently, the determination denying landlord's application for certificates of eviction should be annulled and the matter remanded for the purpose of determining whether, in fact, the landlord in good faith intends to withdraw his premises from the rental market because of imminent condemnation of the premises and the relative expense of removing violations and making reasonable rehabilitation of the premises. Also involved may be the scope of the regulation to comprehend landlord's proof if it should sustain the ultimate fact of his good faith intention. Settle order.

BREITEL, J. P., RABIN, VALENTE and McNALLY, JJ., concur.

Order unanimously reversed and the matter remitted to the State Rent Administrator for further proceedings in accordance with the opinion herein. Settle order on notice.