■ RONALD RAMBOUSEK, Appellant, v. COSMO MONTEMURRO, Doing Business as BLUE MOON RESTAURANT, Respondent.— We find the amount allowed by the trial court to be inadequate. The judgment appealed from is therefore unanimously modified on the facts by increasing the award to $1,000 and as so modified the judgment is affirmed, with costs to the appellant. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin and Stevens, JJ.

tion affirmed, with $20 costs and disbursements to the respondents. The law is well settled that where a landlord seeks to withdraw his property from the rental market (State Residential Rent Law, § 10, subd. 4; L. 1946, ch. 274, as amd. by L. 1951, ch. 443, L. 1957, ch. 755), certificates of eviction must be issued where it is found that the landlord seeks such withdrawal in "good faith". Moreover, the "good faith", provided for in the implementing section 59 of the State Rent and Eviction Regulations, refers to the landlord's actual intent to withdraw the property as distinguished from a mere pretense at doing so. (*Matter of Asco Equities* v. *McGoldrick*, 285 App. Div. 381, affd. 309 N. Y. 738; *Matter of Sarner* v. *Weaver*, 4 A D 2d 47; *Matter of Various Tenants of 149-151 E. 48th St.* v. *Weaver*, 4 A D 2d 859.) Here Roosevelt Hospital convincingly established its need for new accommodations and the good faith of its intent to withdraw the building from the rental market. The appealing tenants have failed to show any substantial basis for disturbing the finding of the Administrator as to the hospital's good faith. Hence, Special Term had no alternative but to sustain the granting of the certificates of eviction pursuant to section 59 of the State Rent and Eviction Regulations. Concur — Rabin, J. P., Frank, Valente, McNally and Stevens, JJ.