Per Curiam.

Appellant challenges the determination of the State Rent Administrator denying its application for a certificate of eviction permitting withdrawal of a certain housing accommodation from the rental market (State Residential Rent Law [L. 1946, ch. 274, as amd.], § 10, suhd. 4; State Rent and Eviction Regulations, § 59).
The application was brought under said section 59 upon the ground that the landlord “ seeks in good faith permanently to withdraw this dwelling unit from the rental market in order to eliminate a hardship and a burden upon the landlord”. The lower part of the landlord’s premises was leased at a substantial profit to a business tenant which paid a rental of $12,000 per year. The third floor was rented to a married couple of about 70 years of age who had occupied that apartment for more than 22 years. As the basis for its claim of hardship, the landlord urged that its expense in maintaining the residential unit over and above the rental received therefor was $146.41 during the first 10 months of 1955 — which the tenant disputed — and that, in addition thereto, it suffered inconvenience and trouble in servicing the apartment.
Respondent determined that upon the record “ the landlord is not entitled to a certificate of eviction pursuant to Section 59 of the Regulations ” and concurred with the local rent administrator that 11 The requested removal or eviction is inconsistent with the purposes of the Act and the Rent and Eviction Regulations and would be likely to result in the circumvention or evasion thereof”. On this appeal, the State Rent Administrator argued that he withheld his approval because the landlord failed to establish its good faith by any genuine showing of hardship or other acceptable criteria for withdrawal, citing Matter of Asco Equities v. McGoldrick (285 App. Div. 381, affd. 309 N. Y. 738). In our opinion, this determination was warranted and may not be said to have been arbitrary or capricious.
The order appealed from should be affirmed, with costs.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Order affirmed.