Birdie Amsterdam, J.
Landlord institutes this article 78 CPLR proceeding to review respondent’s determination denying landlord’s application for decontrol.
Landlord admits using the subject apartment for more than one year for business purposes primarily. He does not deny residence elsewhere during such period.
Landlord contends that such business use of the subject apartment qualifies it for decontrol pursuant to section 2 (subd. f, par. [11]) of the City Rent, Eviction and Rehabilitation Regulations; that there is nothing in the regulations limiting the use of the space to a residence.
The law is to the contrary. Landlord must have occupied tfie apartment as his own dwelling before it may be eligible for decontrol, If a landlord has utilized an apartment for business *887 purposes, he has thus withdrawn it from the housing rental market for a period of time and cannot be rewarded for eventually restoring it to the rental housing market. The ehangeback from nonhousing to housing created no new housing accommodation, but merely had the effect of restoring the space to its original status.
Occupancy as referred in the regulation means not only physical presence, but the use of the subject apartment as one’s dwelling. Such interpretation of the statute is consistent with the Rent Control Law.
The Administrator found that the landlord’s use of the subject apartment did not qualify it for decontrol. This interpretation of a statute by the administrative agency under which it functions is entitled to the greatest weight (White v. Winchester Club, 315 U. S. 32, 41; Hotel Armstrong v. Temporary State Housing Rent Comm., 11 A D 2d 395, 402).
Accordingly, the application is denied and the petition is dismissed.