Vincent D. Damiani, J.
In this article 78 CPLR proceeding, petitioner seeks a review of a determination by respondent, City Rent Administrator, which, upon protest, affirmed orders denying certificates of eviction for 8 apartments. The premises, consisting of 25 apartments, are owned by a “ co-operative corporation ”. All of the proceedings from their inception in the Local Rent Office have been maintained by ‘ ‘ Paul J. Oste, representing several proprietary lessees ”. Mr. Oste, the promoter of the enterprise and the original owner of the building, conveyed it to the corporate owner. He alleges that stock has been sold in the corporation to various individuals who were also given ‘ ‘ proprietary ’ ’ leases to apartments of their choice. The names of these individuals are not disclosed nor have the leases ever been produced. Although he states that he has been duly authorized by them to maintain these proceedings on their behalf, there is no evidence of this authorization beyond his own statement.
The applications for certificates are based upon section 59 of the Rent, Eviction and Rehabilitation Regulations of the City Rent and Rehabilitation Administration which insofar as pertinent here provides: “ a. A certificate shall be issued where the landlord establishes that he seeks in good faith permanently to withdraw occupied housing accommodations from both the housing and non-housing rental markets without any intent to rent or sell all or any part of the land or structure; and * * * (4) that the continued operation of the housing accommodations would impose other undue hardship upon the landlord.” Some time prior to these applications for certificates, petitioner made independent application pursuant to section 33.5 of the regulations to the Local Rent Office for “ hardship increases ” based upon the assessed valuation of the premises. An increase approximating 5% was granted. It is petitioner’s view that the failure of the Administrator to grant increases commensurate with the alleged sales price of each of these apartments to the proprietary lessee (although the application had been based upon assessed valuation), leaves each of them with a deficit variously estimated at approximately $70 to $90 per month. Petitioner relies upon this situation in asserting that the. requirements of “ undue hardship ” under section 59 (subd. a, par. [4]) are here present.
At a hearing held before the Local Rent Administrator, the record reveals that petitioner was advised that the regulation *973 required that the accommodations be permanently withdrawn ’ ’ from the housing rental market. He replied that he would keep them vacant and save money by not supplying heat or other services and would eventually sell or rent them probably when rent controls were lifted. The record shows also that with respect to one of the instant units a previous proceeding had been initiated by a putative proprietary lessee for an eviction certificate pursuant to subdivision a of section 55 of the regulations. Upon denial of this application and an affirmance on protest, an article 78 proceeding was instituted in New York County (Matter of De Bilio v. Gabel, N. Y. L. J., June 7, 1966, p. 16, col. 6). Mr. Justice Quinn, in sustaining the Administrator and dismissing the proceeding, held that there had been no compliance by the sponsor or the tenant with subdivision c of section 55 of the regulations relative to co-operative housing ventures.
In denying the protest here, the City Bent Administrator found a lack of good faith on the part of the petitioner; that the necessary element of “hardship” does not exist because in the companion proceeding petitioner had been granted maximum increases permissible on the basis of assessed value (a basis chosen by petitioner himself); that the applications for certificates should have been made pursuant to section 55 only after proper qualification under that section, and that this instant proceeding pursuant to section 59 is only an attempted evasion of such requirements; that it is incredible that petitioner intends to keep these units permanently vacant.
The proceeding before this court marks a new approach by the sponsor. He now states in the petition that “ there is no requirement in the law that such apartment be held vacant at all. The law merely requires that such apartments be withdrawn from the rental market. The law * * * does not prohibit proprietary lessees occupying them for their own use and profit.” He feels that the Administrator’s interpretation is an undue delegation of legislative power contrary to the State and Federal Constitutions.
Subdivision c of section 55 of the regulations was expressly designed and promulgated to cover evictions for co-operative ventures. There is no question that the co-operative procedure adopted by the petitioner here wholly failed to comply with the requirements of this section and that application for eviction certificates by him under this regulation could not be granted. Apparently in recognition of this obstacle, petitioner turned to section 59, and it is his position that the regulations do not bar this approach. With this contention the court cannot agree. *974 Subdivision c of section 55 was clearly intended as the exclusive method for these applications and was tailored to eliminate abuses incident to previous illusive co-operative ventures.
However, even adopting petitioner’s reasoning for the purpose of argument, he has failed to demonstrate the ‘ ‘ undue hardship ” required under section 59. The previous application for a “hardship” increase resulted in an increase predicated upon a base chosen by him alone. If the increase allowed was, in the estimation of petitioner, not sufficient under the law and regulations, remedies of appeal and review were available. It does not appear that he has pursued these remedies.
There is in my opinion an additional defect in petitioner’s approach. Although the original application was made on the assertion that petitioner represented all of the ‘proprietary lessees ” concerned with these 8 apartments, the Hearing Examiner in the local rent office reports that some of these units had in fact not been sold and that in effect 3 ‘ ‘ proprietary lessees ” were nonexistent. If that be so, the reiteration of that statement of representation in the petition to this court is incorrect. All of the foregoing tends to sustain the Administrator’s finding of a lack of “good faith” — a paramount requirement under subdivision a of section 59. What was said in Matter of Asco Equities v. McGoldrick (285 App. Div. 381, 384-385, affd. 309 N. Y. 738) involving an application for a certificate of eviction under section 59 is particularly applicable here: “ Obviously the rent commission has the burden and the responsibility of determining the good faith of the intention expressed by the landlord. It would be senseless to hold that the rent commission is bound by the landlord’s bare assertion. That would be an illusory control indeed. Consequently, the rent commission must be satisfied, on objective grounds, that a landlord intends as he says. * * * While it may be that a landlord has a constitutional or statutory right to be economically perverse, the rent commission has the right to assume that that is not the general state of affairs with landlords. Hence, the rent commission has the power to use objective standards of intention, so long as those standards are comprehensive and accord with economic and social experience in the real estate field.” (See, also, Matter of Acevedo v. Weaver, 6 A D 2d 835; cf. Matter of Rosenbluth v. Finkelstein, 300 N. Y. 402.)
I agree with the findings of the respondent here. His construction of the regulations pursuant to which the application is made is “ entitled to the greatest weight.” (White v. Winchester Club, 315 U. S. 32, 41; Hotel Armstrong v. Temporary *975 State Housing Rent Comm., 11 A D 2d 395, 402; Matter of Robeson v. Gabel, 49 Misc 2d 886.)
Where, as here, there is a reasonable basis for the respondent’s determination, this court may not substitute its judgment for that of the Administrator (Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70, 75; Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104; Matter of Friedman v. Weaver, 3 N Y 2d 123).
The application is denied and the petition is dismissed.