■ In the Matter of VILLAGE TENTH Co., Appellant, v. ALBERT A. WALSH, as Housing and Development Administrator, et al., Respondents, and EDWARD SILBERFARB et al., Intervenors-Respondents.—Judgment, Supreme Court, New York County, entered September 29, 1972, dismissing the petition herein to annul two determinations of the Rent Commissioner denying applications for eviction certificates, reversed, on the law, and vacated, without costs and without disbursements, the petition granted, the determinations of respondents annulled, and respondents directed to issue such certificates of eviction. Since 1968, when petitioner acquired the subject premises — a 65-year-old, 6-story, 26-apartment multiple dwelling — it has sought permission to reconstruct the building into one containing 38 apartments and 4 doctors' offices. Its original application for relief, under section 58 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission, was denied because the work it then proposed to do did not constitute a substantial demolition. Alternative relief under section 54 of the Regulations was also denied on the ground that, under the circumstances of this case, relief thereunder would be inconsistent with the purposes and intent of the Rent Law (Administrative Code of City of New York, tit. Y). Petitioner thereupon filed another application, accompanied by plans envisioning a substantial alteration involving, *inter alia,* the destruction of apparently still sound portions of its building. After a full hearing on such application, the District Rent Director issued orders granting the eviction certificates. However, the then Rent Commissioner reversed such eviction orders on the ground that regulation 58 could not be used as a vehicle for the unnecessary demolition of a structurally sound building, irrespective of a landlord's good faith. After remand in a then pending article 78 proceeding, the current Rent Commissioner (Respondent Leventhal) rendered a decision in which he restated his predecessor's opinion regarding the use of regulation 58 to sanction wasteful demolition, but added his conclusion (based on all prior proceedings herein without any additional hearings) that petitioner does not, in fact, intend in good faith to demolish the subject building within the spirit and intent of the Rent Law and the regulations promulgated thereunder. Special Term grounded its dismissal of the petition on the issue of lack of good faith, holding that it " violates credulity and the intent of the rent control law " to believe that petitioner would, or should, destroy fine old construction to replace it with inferior new construction for less livable housing at vastly higher rents. On the record before us, we find no requisite legal or factual support for the determinations made below. In *Matter of Asco Equities* v. *McGoldrick* (285 App. Div. 381, affd. 309 N. Y. 738), relied on by Special Term in determining petitioner's lack of good faith, this Court held that a landlord need not justify his actions before the Rent

Commissioner. All he is required to do is to show satisfactorily "that he in fact intends what he proposes to do" (p. 383). Accordingly, whether or not a landlord should be permitted to withdraw occupied housing accommodations from the rental market (as in *Matter of Asco Equities* v. *McGoldrick, supra*) or to demolish a sound structure (as in the instant proceeding) is not a matter for decision by the Rent Commission, so long as the disclosed intention is genuine. Unlike the situation in *Matter of Asco*, where the landlord relied on its bare assertion of intention to withdraw a profitable property from the rental market, petitioner here has submitted detailed construction plans, an experienced witness in the construction field (albeit a member of petitioner) who testified as to the construction costs involved and a bank commitment for a sum in excess of the amount respondent Administrator's own agency estimated as the cost of completion. Petitioner's concession that it intends to demolish portions of its property which it hoped to preserve, solely in order to comply with the Rent Law, does not justify a conclusion that it will not do what it says it will do. While we recognize the broad power of the Rent Commissioner to determine the good faith of a landlord's expressed intent, once a reasonable objective basis for such intention has been shown a refusal to accept it, predicated on mere speculation, is arbitrary. Concur — McGivern, J. P., Nunez and Murphy, JJ.; Markewich and Kupferman, JJ., dissent and would affirm on the opinion of Mr. Justice Francis J. Bloustein at Special Term.