■ In the Matter of OKTAVIA MUCSKOVA, Respondent, v COMMISSIONER OF THE DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK, OFFICE OF RENT AND HOUSING MAINTENANCE, RENT CONTROL DIVISION, et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the Department of Housing Preservation and Development of the City of New York, dated January 26, 1983, granting a protest vacating a certificate of eviction issued by a district rent director, the appeal is from a judgment of the Supreme Court, Kings County (Held, J.), dated August 25, 1983, which annulled the determination and directed the issuance of a certificate of eviction.

Judgment reversed, on the law, without costs or disbursements, determination confirmed and petition dismissed on the merits.

The issue of petitioner's good faith presented a question of fact to be determined by the administrative agency (see *Matter of Asco Equities v McGoldrick,* 285 App Div 381, affd 309 NY 738; *Matter of Acevedo v Weaver,* 6 AD2d 835). This record contains substantial evidence to support the determination that petitioner lacked good faith in seeking the tenants' eviction so that she could occupy their apartment herself, and, accordingly, Special Term should not have disturbed that determination.

We also note that a recent amendment to the Administrative Code of the City of New York prohibits the eviction, *inter alia,* of certain elderly and long-term rent-controlled tenants where the

landlord seeks to recover possession of the premises for his or her own personal use and occupancy (Administrative Code of City of New York, § Y51-6.0, subd b, par [1], as amd by L 1984, ch 234, § 1). It is undisputed that respondent Rudy Klaus is 67 years of age and has resided in the subject apartment for over 20 years. As the tenants currently remain lawfully in possession of the apartment, this enactment bars their eviction. Mangano, J. P., Gibbons, O'Connor and Brown, JJ., concur.