■ ESTELLE BRANDEIS et al., Respondents, v DANIEL W. JOY, as Commissioner of Rent and Housing Maintenance, Appellant. PETER RENDA et al., Intervenors-Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Rent and Housing Maintenance dated July 1, 1983, which denied petitioner Estelle Brandeis' application for the issuance of a certificate of eviction, the commissioner and intervenors Peter and Rose Renda appeal from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated June 13, 1984, which annulled the determination and directed the commissioner to issue a certificate of eviction for the apartment occupied by the intervenors-appellants.

Judgment reversed, on the law, without costs or disbursements, determination confirmed and proceeding dismissed on the merits.

The issue of petitioners' good faith was a question of fact to be determined by the commissioner (*see, Matter of Mucskova v Commissioner of Dept. of Hous. Preservation & Dev.*, 105 AD2d 787; *Matter of Asco Equities v McGoldrick*, 285 App Div 381,

*affd* 309 NY 738). Upon review of the record, we find that the commissioner's determination is supported by substantial evidence and thus, has a rational basis. Accordingly, Special Term should not have substituted its judgment and disturbed that determination (*see, Matter of Colton v Berman,* 21 NY2d 322; *Matter of Acevedo v Weaver,* 6 AD2d 835).

Moreover, the undisputed evidence in the record indicates that the Rendas are both over the age of 62 years and have resided in the subject apartment since 1946.

As stated by the Court of Appeals in *Matter of Guerriera v Joy* (64 NY2d 747, 748): "Under recent amendments to the Administrative Code of the City of New York (§ Y51-6.0, subd b, par 1), the Emergency Housing Rent Control Law (L 1946, ch 274, § 5, subd 2, par [a], as amd by L 1961, ch 337) and the Emergency Tenant Protection Act (L 1974, ch 576, § 4 [§ 10, subd 1], as amd by L 1983, ch 403), a landlord may no longer evict a tenant in good faith for his own necessary use or that of his immediate family where a member of the tenant's household is 62 years of age or older, has been a tenant for 20 years or more, or has a medically demonstrable impairment resulting from anatomical, physiological or psychological conditions which is expected to be permanent and prevents the tenant from engaging in substantial gainful employment (L 1984, ch 234)".

Inasmuch as the tenants were in possession of their apartment on the statute's effective date, the newly enacted amendments are applicable to this proceeding (L 1984, ch 234, § 4) and bar the eviction of these rent-controlled tenants. Bracken, J. P., O'Connor, Rubin and Kunzeman, JJ., concur.