■ In the Matter of ANTONIO CUTRUPI, Respondent, v DANIEL W. JOY, as Commissioner of the City of New York Office of Rent and Housing Maintenance, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the Department of Housing Preservation and Development of the City of New York, dated October 19, 1983, denying a protest to compel the issuance of a certificate of eviction by a district rent director, the appeal is from a judgment of the Supreme Court, Kings County (Held, J.), dated January 4, 1984, which annulled the determination and directed the issuance of a certificate of eviction.

Judgment reversed, on the law, without costs or disbursements, determination confirmed and proceeding dismissed on the merits.

The issue of petitioner's good faith presented a question of fact to be determined by the administrative agency (see, Matter of Asco Equities v McGoldrick, 285 App Div 381, affd 309 NY 738; Matter of Mucskova v Commissioner of Dept. of Hous. Preservation & Dev. of City of N. Y., 105 AD2d 787; Matter of Acevedo v Weaver, 6 AD2d 835). This record contains substantial evidence to support the determination that petitioner lacked good faith in seeking the tenant's eviction in order that petitioner's son and daughter-in-law could occupy the apartment in question. It is undisputed that another apartment in the building was vacant and available for occupancy at the time that petitioner's son got married.

In any event, an amendment to the Administrative Code of the City of New York prohibits the eviction, inter alia, of certain elderly rent-controlled tenants where the landlord seeks to recover possession of the premises for his or her own personal use and occupancy or the use and occupancy of a member of the landlord's immediate family (Administrative Code of City of New York § Y51-6.0 [b] [1], as amended by L 1984, ch 234, §§ 1, 4). It is undisputed that the tenant of the apartment was 63 years old when the application for a certificate of eviction was filed, and that the tenant remains lawfully in possession of the apartment. Accordingly, the enactment bars the eviction of the tenant, and the judgment must be reversed (see, Matter of Mucskova v Commissioner of Dept. of Hous. Preservation & Dev. of City of N. Y., supra). Mangano, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.